USCA1 Opinion

 

 March 31, 1993 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-2093 NESTOR OMAR BARREIRO, Petitioner, v. IMMIGRATION AND NATURALIZATION SERVICE, Respondent. ____________________ PETITION FOR REVIEW OF AN ORDER OF THE BOARD OF IMMIGRATION APPEALS ____________________ Before Selya, Circuit Judge, _____________ Aldrich, Senior Circuit Judge, ____________________ and Cyr, Circuit Judge. _____________ ____________________ Jeremiah Friedman with whom Harvey Kaplan, Kaplan, O'Sullivan & _________________ ______________ _____________________ Friedman, Lory D. Rosenberg and American Immigration Law Foundation ________ __________________ ____________________________________ were on brief for petitioner. Alexander Shapiro with whom Stuart M. Gerson, Assistant Attorney _________________ ________________ General, Robert Kendall, Jr., Assistant Director, and Charles E. ____________________ ___________ Pazar, Office of Immigration Litigation, were on brief for respondent. _____ Denyse Sabagh, Metzger, Gordon, Scully, et al., Barbara Hines, _____________ _________________________________ ______________ and Lawyers' Committee for Civil Rights Under Law of Texas, on brief _______________________________________________________ for American Immigration Lawyers Association and National Immigration Project of the National Lawyers Guild, Inc., amici curiae. ____________________ March 31, 1993 ____________________ ALDRICH, Senior Circuit Judge. Petitioner Nestor ____________________ Omar Barreiro, a 40 year old citizen of Argentina, moves for a stay of deportation. He has been a legal permanent resident since December 1980, is married to a United States citizen, and has a ten year old son. In October 1984 he was convicted in the Massachusetts Superior Court of possession of a sizeable amount of a controlled substance with intent to distribute and was sentenced to the mandatory term of 10 to 15 years. He was released in April 1992, having served seven years. Meanwhile, in June 1986 respondent Immigration and Naturalization Service (INS) issued an order to show cause why petitioner should not be deported pursuant to 241(a)(11) of the Immigration and Naturalization Act (INA), 8 U.S.C. 1251(a)(11) (Supp. 1986), as amended 8 U.S.C. ___________ 1251(a)(2)(B)(i) (Supp. 1992), because of his conviction. This case involves three recent enactments: the Anti-Drug Abuse Act of 1988 (ADAA), Pub. L. No. 100-690, 102 Stat. 4181; the Immigration Act of 1990 (IMMACT), Pub. L. No. 101- 649, 104 Stat. 4978; and the Miscellaneous and Technical Immigration and Naturalization Amendments of 1991 (TINA) Pub. L. No. 102-232, 105 Stat. 1733. In 1992 petitioner sought a waiver of deportation pursuant to INA 212(c), 8 U.S.C. 1182(c) (Supp. 1992) as a seven year domiciliate. This was denied, and the Board of Immigration Appeals affirmed, applying the final sentence of the section, inserted on November 29, 1990, that reads as follows: -2- The first sentence of this subsection shall not apply to an alien who has been convicted of one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least 5 years. IMMACT 511(a). The Board held that petitioner's imprisonment, though largely completed prior to this amendment, was comprehended therein. We agree. There is no question but that petitioner's offense, though he was convicted in a state proceeding, is an aggravated felony, within INA 101(a)(43), 8 U.S.C. 1101(a)(43) (Supp. 1992).1 Also, although 1182(c) reads ____________________ 1. (43) The term "aggravated felony" means murder, any illicit trafficking in any controlled substance (as defined in section 102 of the Controlled Substances Act), including any drug trafficking crime as defined in section 924(c)(2) of title 18, United States Code, or any illicit trafficking in any firearms or destructive devices as defined in section 921 of such title, any offense described in section 1956 of title 18, United States Code (relating to laundering of monetary instruments), or any crime of violence (as defined in section 16 of title 18, United States Code, not including a purely political offense) for which the term of imprisonment imposed (regardless of any suspension of such imprisonment) is at least 5 years, or any attempt or conspiracy to commit any such act. Such term applies to offenses described in the previous sentence whether in violation of Federal or State law, and also applies to offenses described in the previous sentence in violation of foreign law for which the term of imprisonment was completed within the previous fifteen years. -3- as limited to aliens who are returning from voluntary absences abroad, concededly the statute, apart from the amendment, applies equally to resident aliens who are sought to be deported. This was established by Francis v. I.N.S., _______ ______ 532 F.2d 268 (2d Cir. 1976). The court there noted that the manifest purpose was to qualify certain aliens who had lived here seven years to seek a waiver, in the discretion of the Attorney General, of the exclusionary consequence of various prohibitions in 1182(a). The court held that it would be a denial of equal protection to distinguish between aliens seeking readmission and those resisting deportation, and that consequently 212(c) must be applied to include the latter. The limited wording of the statute has not been changed, but the Second Circuit's ruled enlargement has been recognized ever since. Tapia-Acuna v. I.N.S., 640 F.2d 223 (9th Cir. ___________ ______ 1981). E.g., Gouveia v. I.N.S., 980 F.2d 814 (1st Cir. ____ _______ ______ 1992). Petitioner's contention that this ruling should not apply to the amendment is frivolous. He may seek a waiver, but must fail if his seven year imprisonment was within the statute. In addition to this permanent waiver, the INA contained a presumption of a temporary stay pending judicial appeal, 106(a)(3), 8 U.S.C. 1105a(a)(3) (Supp. 1992), the underlined words having been added by IMMACT 513(a), and are to "apply to petitions to review filed more than 60 days -4- after the date of enactment of the statute." IMMACT 513(b). The service of the petition for review . . . shall stay the deportation of the alien pending determination of the petition by the court, unless the court otherwise directs or unless the alien is _______________________ convicted of an aggravated felony, in _________________________________________ which case the Service shall not stay the _________________________________________ deportation of the alien pending _________________________________________ determination of the petition of the _________________________________________ court unless the court otherwise directs. ________________________________________ Finally, on December 12, 1991 by the TINA, 306(a)(11)(B), it was provided that the IMMACT amendment "shall apply to convictions entered before, on, or after such date," and by 310(1), that this latter amendment "shall take effect as if included in the enactment of the Immigration Act of 1990." The Board's opinion sustaining the denial of a waiver relied on Matter of A-A-, Interim Dec. 3176 (BIA _______________ 1992), which in turn is so persuasive that we could well simply agree, but we will further comment in light of petitioner's persistent complaint. There is, of course, no constitutional issue, United States v. Bodre, 948 F.2d 28, _____________ _____ 31-32 (1st Cir. 1991), cert. denied, 112 S. Ct. 1487 (1992); ____________ the only question is that of Congressional intent. While a presumption against retroactivity prevails in the absence of clearly contrary indicia, Dion v. Secretary of H.H.S., 823 ____ ____________________ F.2d 669, 671 (1st Cir. 1987), one must look at the whole picture. -5- In Ayala-Chavez v. I.N.S., 945 F.2d 288 (9th Cir. ____________ ______ 1991) the court held that only aggravated offenses committed after November 18, 1988 receive the negative presumption of no temporary waiver pending appeal. The TINA followed promptly, and the Ninth Circuit recognized that 306(a)(11)(B) was intended to overrule Ayala-Chavez. ____________ Arthurs v. I.N.S., 959 F.2d 142 (9th Cir. 1992). See also _______ ______ ___ ____ Ignacio v. I.N.S., 955 F.2d 295 (5th Cir. 1992); Matter of A- _______ ______ ____________ A-, supra. The legislative history makes clear that this was __ _____ fully recognized as a technical amendment for clarification. Actually the amendment was introduced into and passed by the Senate on August 1, 1991, prior to Ayala-Chavez. 137 Cong. ____________ Rec. S11,799-804. Offering the bill, Senator Simpson described it as "truly technical. . . . The Bill was developed under the following rule: If any of the four Immigration Subcommittee's staffs [Republican and Democrat of the House and Senate] found a provision controversial or non- technical, then it was removed." Id at S11,799. The __ following November 25, post Ayala-Chavez, an identical House ____________ bill passed. Id. at H11,245-251. The next day the Senate __ made minor amendments, id. at S18,506-514, which the House __ promptly accepted. Id. at H11,485-493. One of these changes __ was the addition of the 'before, on, or after' amendment to 513(b). -6- We have two reasons for agreeing with the Board. In the first place, we believe Ayala-Chavez was wrongly ____________ decided. If Congress believed seven years' residence insufficient to entitle aliens to waivers if they had served five or more years imprisonment for committing an aggravated felony, it makes small sense that so substantial a stricture should not go into effect for five years from enactment. The presumption against a retroactive interpretation is to give fair warning so that a party may avoid consequences. This is scarcely a situation calling for any such a warning. Five years free time would be extraordinarily considerate, particularly for the undeserving. In addition, as we study the legislation and the legislative history, we believe that although Congress amended only 513(b), its failure to amend 511(b) correspondingly was a simple oversight. We do not believe it necessary, however, to detail further the several steps that lead us to that conclusion. Affirmed. ________ -7-