**Pablo Abraham CAMPOS, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 92–4166.**

United States Court of Appeals, Sixth Circuit.

Argued Nov. 12, 1993.

Decided Feb. 10, 1994.

George P. Mann, Farmington Hills, MI (argued and briefed), for Pablo Abraham Campos.

James Montgomery, Dist. Director, I.N.S., Detroit, MI, Robert Kendall, Jr., Carl H. McIntyre (argued and briefed), U.S. Dept. of Justice Immigration Litigation, Civ. Div., Washington, DC, Barbara L. Beran, Office of U.S. Atty., Columbus, OH, for I.N.S.

Lory D. Rosenberg, American Immigration Law Fund, Washington, DC (briefed), for American Immigration Lawyers Ass'n, amicus curiae, American Immigration Law Foundation, amicus curiae, Legal Action Center, Lawyers Committee for Civil Rights Under Law of Texas, amicus curiae and National Immigration Project of the Nation Lawyers Guild, Inc., amicus curiae.

Before: KENNEDY, MARTIN, and NELSON, Circuit Judges.

DAVID A. NELSON, Circuit Judge.

This is an immigration case in which the petitioner is an alien who faces deportation on account of a 1985 drug trafficking conviction for which he served more than five years in prison. The petitioner applied for a discretionary waiver of deportation under § 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c), but he was held to be ineligible for such a waiver because of a proviso that was added to § 212(c) in 1990.

In 1988 the immigration statutes were amended by the addition of a definition of the term "aggravated felony." This definition, which did not originally have any direct application to § 212(c), included the crime of which the petitioner had been convicted. The proviso that was added to § 212(c) in 1990 barred discretionary relief in the case of "an alien who has been convicted of one or more aggravated felonies and has served ... a term of imprisonment of at least 5 years."

The main question presented is whether the 1990 amendment applies to an alien who was convicted of an aggravated felony five years before the amendment was adopted. We conclude that the question must be answered in the affirmative. No impermissible retroactivity is entailed in holding the amendment applicable here. At the time of his request for a waiver the petitioner had the status of an aggravated felon who had served five years, and the statute as it existed at the time of the request provided that deportation could not be waived for persons in that status. Like other circuits that have considered the issue, we see no reason why the statute should not be applied as written; we shall therefore deny the petition for review.

## I.

The petitioner, Pablo Abraham Campos, is a native of Argentina. The record shows that he came to the United States as a lawful permanent resident in 1968, when he was 13 years old. In the 1970s he served voluntarily in the Army. After receiving an honorable discharge, he returned to a job he had held at a pharmacy owned by a man named Perlstein. Mr. Campos eventually assumed responsibility for operating a chain of pharmacies controlled by Mr. Perlstein, and he (Campos) acquired an ownership interest in several of the stores.

In 1985 Mr. Campos was charged with having engaged in a continuing criminal enterprise, a violation of 21 U.S.C. § 848, based upon a conspiracy involving the illegal distribution of controlled substances through the pharmacies. Mr. Campos pleaded guilty to this charge, although he now claims that he was under pressure to do so because the

government threatened to prosecute his elderly parents, who were also shareholders in some of the pharmacies, as punishment for his refusal to implicate Mr. Perlstein.

In December of 1985 Mr. Campos was sentenced to imprisonment for 10 years. He was released in 1991, after having served nearly six years of this sentence.

In February of 1991 the Immigration and Naturalization Service ordered Mr. Campos to show cause why he should not be deported under the then applicable statute, § 241(a)(11) of the Immigration and Nationality Act, 8 U.S.C.A. § 1251(a)(11) (West 1970),[1] which provided for deportation upon conviction of an offense relating to illegal trafficking in narcotics. In December of 1991, following several preliminary conferences conducted by an immigration judge, Mr. Campos applied for a discretionary waiver of deportation under § 212(c), 8 U.S.C. § 1182(c). The application set forth evidence of a number of extenuating circumstances, including evidence that Mr. Campos had reformed, that he was responsible for the care of his aging parents, and that he had been a model prisoner. The application was denied without consideration of these factors, the immigration judge holding that Mr. Campos was barred from seeking a waiver of deportation because he had been convicted of an aggravated felony for which he had served five years' imprisonment.

Mr. Campos appealed to the Board of Immigration Appeals. There he contended, among other things, that the denial of a discretionary waiver on the basis of the 1990 proviso and the 1988 definition of aggravated felony constituted an impermissible retroactive application of the law. The Board rejected this contention and affirmed the order of the immigration judge. Mr. Campos then filed a timely petition for review by this court.

## II.

It is the decision of the Board of Immigration Appeals that is subject to review here, not that of the immigration judge. *Zaitona v. I.N.S.,* 9 F.3d 432, 434 (6th Cir.1993). Our

review is *de novo* insofar as a question of law is presented. *Kabongo v. I.N.S.,* 837 F.2d 753, 756 (6th Cir.), *cert. denied,* 488 U.S. 982, 109 S.Ct. 533, 102 L.Ed.2d 564 (1988).

## A.

An alien otherwise subject to deportation may seek a discretionary waiver of deportation under § 212(c) of the Act. That section provides, in part, as follows:

"Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions [relating to classes of excludable aliens] ... *The first sentence of this subsection shall not apply to an alien who has been convicted of one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least 5 years.*" 8 U.S.C. § 1182(c) (emphasis supplied).

Although this section, sometimes referred to as the "waiver of exclusion" provision, deals on its face with the exclusion of resident aliens who are seeking to reenter the United States from abroad, "it is well settled that § 212(c) relief also applies to deportation of a lawfully admitted alien with an unrelinquished domicile of seven consecutive years." *Gonzalez v. I.N.S.,* 996 F.2d 804, 806 (6th Cir.1993) (citation omitted).

Relief under § 212(c) is not available in either an exclusion case or a deportation case where the 1990 proviso makes the operative language of § 212(c) inapplicable. The proviso, as we have seen, bars discretionary relief for aliens who have been convicted of aggravated felonies and who have served five years or more for such crimes. Added to § 212(c) by the Immigration Act of 1990, P.L. 101–649, § 511(a), 104 Stat. 5052 (November 29, 1990), the proviso is applicable "to admissions [or, by extension, to deportations] occurring after the date of the enactment of [the 1990 Immigration Act]." § 511(b), P.L. 101–649. The term "aggravated felonies" includes "any

---

**1.** The corresponding provision in the current law   is 8 U.S.C. § 1251(a)(2)(B).

drug trafficking crime as defined in section 924(c)(2) of Title 18...." 8 U.S.C. § 1101(a)(43). Mr. Campos' crime clearly falls within this definition of an aggravated felony, and it is undisputed that he served five years and more for the crime. The amendment would thus bar his request for a waiver unless, as he argues, application of the bar to him would violate some anti-retroactivity principle.

### B.

■ The definition of aggravated felony was adopted as part of the Anti–Drug Abuse Act of 1988. It did not include a specific effective date. Mr. Campos argues that the absence of an effective date means that the definition may not be applied to any conviction occurring prior to November 18, 1988, the date on which the definition was adopted. In this connection he suggests that deportation statutes are to be generously interpreted and that negative consequences of amendments to such statutes should have only prospective application.

The definition of aggravated felonies was not enacted in a vacuum, however; the definition was part of a package of amendments to the immigration laws imposing adverse consequences on aliens who had been convicted of such offenses. Some of these consequences attached only to aggravated felony convictions occurring on or after the date of enactment. See P.L. 100–690, 102 Stat. 4469 et seq., §§ 7343 and 7344(a) (including aggravated felony as ground for deportation, retention of alien in custody, and making such alien ineligible for voluntary departure), 102 Stat. 4470–71; § 7347 (expedited deportation proceedings for aliens convicted of aggravated felony), 102 Stat. 4471. Other consequences, however, attached "on or after the date of enactment" of the 1988 legislation. See P.L. 100–690, 102 Stat. 4469 et. seq., § 7345 (criminal penalties for reentry of certain aliens), 102 Stat. 4471; § 7346(a) (penalties for aiding or assisting entry of certain aliens), id.; § 7349 (bar on reentry of aliens convicted of aggravated felonies), 102 Stat. 4473. The latter provisions could not apply on the date of enactment unless the aggravated felony conviction had already occurred.

The definition of aggravated felony was amended in 1990, at which time several new categories of crime were added. The 1990 amendment provided that these crimes were to be considered aggravated felonies only if committed on or after the date of enactment. This does not mean that pre–1988 convictions were excluded from the original definition, however; the amendment left undisturbed the 1988 inclusion of crimes covered by 18 U.S.C. § 924(c)(2). If Congress had wished to give only prospective application to the 1988 definition when the 1990 amendment was adopted, Congress would have known how to do so.

Looking at the specific consequence involved in this case, loss of eligibility for a discretionary waiver under § 212(c), we see that the exclusion of certain aggravated felons from the class of aliens eligible for discretionary relief under § 212(c) was made effective with respect to administrative actions taken after November 29, 1990. The proposal to deport Mr. Campos having occurred after that date, the exclusion would seem to apply to him.

Mr. Campos argues, however, that this effective date provision (which says that the amendment is effective "after" November 29, 1990, not "on" that date) must be read in light of the fact that no effective date was provided in the 1988 definition; when so read, he contends, the provision suggests that the statutory bar does not apply until an alien convicted of an aggravated felony following adoption of the 1988 definition has completed five years of imprisonment. He also offers an alternative interpretation that would delay implementation even longer. Under the alternative interpretation, the statutory bar enacted in 1990 cannot operate until five years after a post-enactment conviction. The first interpretation would mean that the 1990 bar could not apply until sometime in 1993. The second interpretation would mean that it could not apply until sometime in 1995.

In *Buitrago–Cuesta v. I.N.S.*, 7 F.3d 291, 295 (2d Cir.1993), the Court of Appeals for the Second Circuit held that any such "super-prospectivity" would be "absurd." Rejecting

arguments identical to those advanced by Mr. Campos here, the court concluded that the "only sensible interpretation" of § 212(c) is one that would give it immediate effect. "[I]t makes small sense that so substantial a stricture should not go into effect for five years from enactment." *Id.* at 294, quoting *Barreiro v. I.N.S.,* 989 F.2d 62, 64 (1st Cir. 1993).

We agree. The "sensible interpretation" does not offend any rule against retroactive operation of statutes. The statutory bar does not present a true question of retroactivity because a " 'statute is not made retroactive merely because it draws upon antecedent facts for its operation.' " *Osorio v. I.N.S.,* 10 F.3d 1034 (4th Cir.1993), quoting *Cox v. Hart,* 260 U.S. 427, 435, 43 S.Ct. 154, 157, 67 L.Ed. 332 (1922). In *Osorio,* as in the instant case, the petitioners were convicted of felonies that later came within the 1988 definition of aggravated felonies and thus were covered by the 1990 proviso. The denial of an application for discretionary waiver was upheld on the ground that "[t]he past aggravated felony conviction is only the prerequisite for the prospective denial of discretionary relief." *Osorio, id.*

It seems clear to us, as it has seemed clear to our sister circuits, that in barring discretionary waiver for an aggravated felon "who *has* served" five years, and in making that bar effective right after enactment, Congress contemplated that some aliens would be subject to the bar immediately. Congressional authority to require deportation on the basis of past criminal conduct has often been upheld. See *Harisiades v. Shaughnessy,* 342 U.S. 580, 72 S.Ct. 512, 96 L.Ed. 586 (1952); *Ignacio v. I.N.S.,* 955 F.2d 295, 298 (5th Cir.1992); *United States v. Bodre,* 948 F.2d 28, 32–33 (1st Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1487, 117 L.Ed.2d 628 (1992). Congress has just as much authority to bar relief from deportation on the basis of past criminal conduct.

### C.

■ Mr. Campos argues that application of the statutory bar in this case would violate the constitutional principle that *ex post facto* legislation does not comport with the requirements of due process. It is well established, however, that the *ex post facto* principle has no application in a civil context such as this. See *Galvan v. Press,* 347 U.S. 522, 531–32, 74 S.Ct. 737, 742–43, 98 L.Ed. 911 (1954); *Harisiades v. Shaughnessy,* 342 U.S. at 594–595, 72 S.Ct. at 521–22; *Barreiro v. I.N.S.,* 989 F.2d at 64. Further, "Congressional repeal of discretionary power is by no means the equivalent of a change in punishment" that would invoke the clause. *United States v. Bodre,* 948 F.2d at 34.

### III.

■ Mr. Campos argues that the proceedings before the immigration judge deprived him of liberty without due process of law and represented an abuse of discretion. This argument is based on the fact that Mr. Campos received only an "abbreviated" hearing and was not permitted to expand on the equitable factors militating in favor of waiver. In view of the statutory bar, however, the equitable considerations listed in the application were simply not relevant. The government raised the statutory bar as an issue during one of the initial telephone conferences, moreover, and Mr. Campos had ample opportunity to address the issue; the procedure was neither unfair nor unconstitutional.

■ Mr. Campos argues, finally, that he should have been granted a continuance until a petition in which he sought naturalization had been ruled on. See 8 C.F.R. § 242.7(e), which permits termination of a deportation hearing to allow an alien to pursue a naturalization claim if the alien establishes *prima facie* eligibility for naturalization and the matter involves exceptionally appealing or humanitarian factors. In this case, however, the naturalization petition was denied before the Board issued its decision on deportation. Nothing in the regulations, the statutes, or the Constitution required the Board to stay the deportation order pending judicial review of the denial of the naturalization petition.

The petition for review is **DENIED.**