38 F.3d 1216
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Ghassan RAJEH, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-3751.
 United States Court of Appeals, Sixth Circuit.
 Oct. 18, 1994.
 
 Before: SUHRHEINRICH, SILER, and BATCHELDER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner, Ghassan Rajeh, appeals the decision of the Board of Immigration Appeals dismissing his appeal and finding that he was statutorily ineligible for a waiver of deportation under Sec. 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. Sec. 1182(c). For the reasons stated below, we affirm the decision of the Board of Immigration Appeals.
 
 I.
 
 2
 Ghassan Rajeh, a citizen of Lebanon, entered the United States lawfully in October 1980, as a nonimmigrant for pleasure. In September 1981, Rajeh's status was adjusted to that of a lawful permanent resident. He is married to an American citizen and has two children, who are also American citizens. On June 1, 1988, Rajeh was convicted in federal district court for conspiracy to distribute heroin and sentenced to eight years in prison. He served more than five years of this sentence.
 
 
 3
 The Immigration and Naturalization Service ("INS"), in April 1989, served Rajeh with an order to show cause charging him with deportability under Sec. 241(a)(11) of the INA, 8 U.S.C. Sec. 1251(a)(11), for his conviction of a drug offense. Section 241(a)(11) provides that the Attorney General may order deportation of an alien who is convicted of a drug offense. 8 U.S.C. Sec. 1251(a)(11). As Rajeh was still serving his sentence at the time of his deportation hearing, the hearing was held at the Federal Correctional Institution in Oakdale, Louisiana.
 
 
 4
 On January 25, 1993, Rajeh filed an application for asylum and for a waiver of deportation under Sec. 212(c). A hearing on petitioner's application was held telephonically on February 26, 1993; the Immigration Judge ("IJ") and the INS attorney were in Oakdale, Louisiana, and petitioner's attorney was in Ohio. Petitioner, who had been released from prison, was also in Ohio; however, he did not participate in the hearing, and counsel specifically waived petitioner's presence. While Rajeh denied his conviction for drug trafficking, his conviction documents were entered as exhibits at the hearing. Based on the presentation of the conviction documents, the IJ found that petitioner was deportable. The IJ further found that Rajeh was statutorily ineligible for any relief from deportation. Rajeh also requested a change of venue to enable him to present witnesses; the IJ denied this request on the grounds that Rajeh was statutorily barred from Sec. 212(c) relief.
 
 
 5
 Rajeh appealed to the Board of Immigration Appeals ("BIA"), challenging the denial of eligibility for Sec. 212(c) relief and the IJ's denial of a change of venue. The Board found petitioner deportable and statutorily ineligible for a Sec. 212(c) waiver of deportation. Additionally, the Board rejected Rajeh's charge that the IJ had abused his discretion in denying a change of venue, reasoning that no purpose would have been served in granting a change of venue as petitioner was statutorily ineligible for the relief he sought.
 
 II.
 
 6
 On appeal, Rajeh contends that it was error for the BIA to deny his appeal on statutory grounds. He argues[1] that, because his conviction pre-dates both the statutory bar to Sec. 212(c) for persons convicted of aggravated felonies and the definition of "aggravated felony" for immigration law purposes, he is still eligible for relief under Sec. 212(c). Rajeh further asserts that a contrary reading of the statute would offend general rules against retroactive operation of statutes.
 
 A.
 
 7
 We review the decisions of the BIA for an abuse of discretion. De Gonzalez v. INS, 996 F.2d 804, 808 (6th Cir.1993). Rajeh's appeal requires us to review the Board's interpretation of a statute. Our inquiry has two steps. First, we must determine whether or not "Congress has directly spoken to the precise question at issue." De Osorio v. INS, 10 F.3d 1034, 1037 (4th Cir.1993) (citing Chevron v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842 (1984)). If Congress has not directly addressed, in a statute, the question at issue or if the statute is ambiguous, the Board's interpretation of the statute should be upheld if it is a reasonable construction of the statute. Id. at 1038. See also Zaitona v. INS, 9 F.3d 432, 434 (6th Cir.1993).
 
 B.
 
 8
 The relevant statutory provisions do not directly address the question raised by petitioner's appeal. Section 212(c) of the INA, in pertinent part, provides:
 
 
 9
 Aliens lawfully admitted for permanent resident who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General.... The first sentence of this subsection shall not apply to an alien who has been convicted of one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least 5 years.
 
 
 10
 8 U.S.C. Sec. 1182(c) (emphasis added). On its face, Sec. 212(c) accords the Attorney General the discretion to admit aliens with permanent residency who have temporarily travelled abroad. However, "it is well settled that Sec. 212(c) relief applies to deportation of a lawfully admitted alien with an unrelinquished domicile of seven consecutive years."[2] De Gonzalez, 996 F.2d at 806. See also De Osorio, 10 F.3d at 1037. The portion of Sec. 212(c) highlighted above, making discretionary relief unavailable to aliens who had been convicted of an aggravated felony, was added to the statute in 1990. The 1990 enactment specified that it was to take effect after November 29, 1990. In the context of the immigration laws, the term "aggravated felony" includes "any illicit trafficking in any controlled substance ... or any attempt or conspiracy to commit any such act." 8 U.S.C. Sec. 1101(a)(43). This definition has its origin in the Anti-Drug Abuse Act of 1988 ("ADAA"). The ADAA contained no effective date for this definitional provision, though the effective date for the ADAA as a whole was November 18, 1988.
 
 
 11
 Our decision in Campos v. INS, 16 F.3d 118 (6th Cir.1994), finding that the petitioner was statutorily barred from Sec. 212(c) relief, is dispositive of petitioner's claims. The facts in Campos are striking similar to those presented by Rajeh's appeal, and the petitioner in Campos raised the same issues on appeal as has Rajeh. In Campos, the petitioner was convicted of a drug trafficking offense in 1985 for which he served more than five years in prison. Id. at 119. In February 1991, the INS ordered Campos to show cause why he should not be deported under Sec. 241(a)(11). Id. at 120. Campos' application for a discretionary waiver of deportation under Sec. 212(c) was denied; the BIA affirmed this denial.
 
 
 12
 We rejected Campos' argument that the 1988 definition of "aggravated felony," because it contained no specific effective date, had only prospective application, and applied only to convictions subsequent to the 1988 effective date of the ADAA. Id. at 121. Our decision concluded that the definition attached to felony convictions both before and after the date of enactment of ADAA.
 
 
 13
 The definition of aggravated felonies was not enacted in a vacuum ...; [it] was part of a package of amendments to the immigration laws imposing adverse consequences on aliens who had been convicted of such offenses. Some of these consequences attached only to aggravated felony convictions occurring on or after the date of enactment.... Other consequences, however, attached "on or after the date of enactment" of the [ADAA.] ... The latter provisions could not apply on the date of enactment unless the aggravated felony conviction had already occurred.
 
 
 14
 Id. at 121.
 
 
 15
 We further rejected an alternate argument--identical to one of the assertions put forward by Rajeh--that the statutory bar to Sec. 212(c) relief enacted in 1990 would only apply to post-enactment convictions. Id. Considering the five-year minimum term of imprisonment contained in the 1990 enactment, this approach would have meant that the 1990 bar would not have any practical effect until sometime in 1995. Id. Citing to the Second Circuit's decision in Buitrago-Cuesta v. INS, 7 F.3d 291 (2d Cir.1993), we found that the only sensible interpretation of the bar in Sec. 212(c) was to give it immediate effect. Campos, 16 F.3d at 122.
 
 
 16
 It seems clear to us ... that in barring discretionary waiver for an aggravated felon "who has served" five years, and in making that bar effective right after enactment, Congress contemplated that some aliens would be subject to the bar immediately.
 
 
 17
 Id. (emphasis added).
 
 
 18
 Additionally, Campos argued, as does petitioner Rajeh, that the BIA's interpretation of the statute was an impermissible retroactive application of the statute. This court, quoting the Fourth Circuit's decision in De Osorio, 10 F.3d at 1042, stated that, "The statutory bar [to Sec. 212(c) relief] does not present a true question of retroactivity because a 'statute is not made retroactive merely because it draws upon antecedent facts for its operation.' " Campos, 16 F.3d at 122. We further noted that, "Congressional authority to require deportation on the basis of past criminal conduct has often been upheld." Id. (citing Harisiades v. Shaughnessy, 342 U.S. 580 (1952); Ignacio v. INS, 955 F.2d 295, 298 (5th Cir.1922); United States v. Bodre, 948 F.2d 28, 32-33 (1st Cir.1991), cert. denied, 112 S.Ct. 1487 (1992)). The general concern raised by the retroactive application of statutes is the deprivation of rights without notice and fair warning. De Osorio, 10 F.3d at 1042. However, in Campos, as in the present case, the petitioner made no argument that he relied in any way on the availability of a discretionary waiver of deportation when he chose to engage in illicit drug activity. See De Osorio, 10 F.3d at 1042.
 
 
 19
 In light of our decision in Campos and the reasoning contained therein, the BIA's decision finding Rajeh statutorily ineligible to seek a waiver from deportation under Sec. 212(c) is a reasonable interpretation of the statute.[3] See Chevron, 467 U.S. at 842.
 
 
 20
 Finding no abuse of discretion, we AFFIRM the decision of the Board of Immigration Appeals.
 
 
 
 [1]
 Petitioner's brief is so poorly written, that it is difficult to discern the actual bases of his arguments
 
 
 [2]
 Rajeh attempts to argue that statutory bar for persons convicted of aggravated felonies applies only to applications for admission into the United States, not to applications for waiver of deportation. In light of this court's decision in De Gonzalez v. INS, 996 F.2d 804, 806 (6th Cir.1993), Rajeh's contention is without merit
 
 
 [3]
 In light of our determination that the BIA properly found petitioner statutorily ineligible for a Sec. 212(c) waiver, Rajeh's challenge to the BIA's denial of his request for a change of venue is moot