59 F.3d 174
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Pedro ESPINOZA-OBLITAS, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70390.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 7, 1995.
Decided June 12, 1995.
 
 Before: PREGERSON, POOLE, D.W. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The Board of Immigration Appeals ("BIA") affirmed a decision by the immigration judge ("IJ") finding Peruvian citizen Pedro Espinoza-Oblitas ("Espinoza") deportable. The BIA also affirmed the IJ's determination that Espinoza was ineligible, as a matter of law, for relief from deportation under Sec. 212(c) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1182(c), and ordered him deported. We have jurisdiction under 8 U.S.C. Sec. 1105(a). We affirm.
 
 
 3
 Espinoza was admitted to the United States for permanent residence on May 2, 1983. He served over five years in prison following his 1988 conviction for conspiracy to possess and distribute a controlled substance.
 
 
 4
 The Immigration and Naturalization Service ("INS") instituted deportation proceedings against Espinoza on June 20, 1990, charging him with being a deportable alien because of his conviction for sale and possession of a controlled substance under Sec. 241(a)(b) of the Immigration and Naturalization Act ("the Act" or "the INA"), 8 U.S.C. Sec. 1251(a)(4) and (a)(11).[1]
 
 
 5
 At his deportation hearing, which commenced on December 16, 1993, and concluded on March 11, 1994, Espinoza admitted the allegations in the Order to Show Cause and conceded deportability. Espinoza then applied for relief from deportation pursuant to Sec. 212(c) of the Act.[2] The IJ found him deportable, and ineligible for relief from deportation under the 1990 amended version of Sec. 212(c) because Espinoza had spent more than five years in jail on an aggravated felony conviction.[3]
 
 
 6
 Espinoza appealed the IJ's decision to the BIA, claiming that the IJ had erred in retroactively applying the 1990 statutory bar to his case. Espinoza also alleged that the application of the statutory bar to his case violated the ex post facto and double jeopardy clauses of the Constitution.
 
 
 7
 Espinoza's challenge to the BIA's interpretation of Sec. 212(c) of the Act as well as the constitutionality of the Act's retrospective application is a question of law which we review de novo. See Braun v. INS, 992 F.2d 1016, 1018 (9th Cir.1993). In interpreting unclear statutory language, we "must respect the interpretation of the agency to which Congress has delegated the responsibility for administering the statutory program." INS v. Cardoza-Fonseca, 480 U.S. 421, 448 (1986).
 
 
 8
 Espinoza does not challenge the IJ's deportability findings. But Espinoza argues that he should be eligible to seek relief Sec. 212(c). However, Congress amended Sec. 212(c) in 1990 to preclude a deportable alien from applying for a waiver of deportation under the circumstances that exist in the instant case, where the alien "has been convicted of one or more aggravated felonies and has served for such felony or felonies, a term of imprisonment of at least 5 years." Section 511(a) of the Immigration Act of 1990, P.L. 101-649, 104 Stat. 5052 (Nov. 29, 1990).
 
 
 9
 Espinoza asserts that Sec. 212, in its amended form, cannot be retroactively applied to his 1988 conviction. This argument is foreclosed by our holding in Samaniego-Meraz v. INS, --- F.3d ----, 1995 WL 231337 (9th Cir. Apr. 20, 1995).
 
 
 10
 In Samaniego-Meraz, we upheld the BIA's interpretation that the statutory bar in Sec. 212 applies to all aggravated felony convictions, regardless of their dates. Every other circuit court that has specifically addressed the applicability of amended Sec. 212(c) has also upheld the BIA's interpretation. See Ascencio v. INS, 37 F.3d 614, 616 (11th Cir.1994); Campos v. INS, 16 F.3d 118, 122 (6th Cir.1994); De Osorio v. INS, 10 F.3d 1034, 1041 (4th Cir.1993); Buitrago-Cuesta v. INS, 7 F.3d 291, 294 (2nd Cir.1993); Barreiro v. INS, 989 F.2d 62, 64 (1st Cir.1993).
 
 
 11
 As we stated in Samaniego-Meraz, "[a] statute is not retroactive merely because the facts upon which its subsequent application depends are drawn from a time antecedent to its effective date." Samaniego-Meraz, 1995 WL 231337 at * 3 (citing Landgraf v. U.S.I. Film Products, 114 S.Ct. 1483, 1499 (1994)). Therefore, the IJ and BIA did not violate the ex post facto clause of the Constitution in denying Espinoza the right to seek a deportation waiver. Nor does Espinoza's deportation constitute double jeopardy as a second punishment for a single crime. We have repeatedly held that "deportation is a civil action, not a criminal punishment." Urbina-Mauricio v. INS, 989 F.2d 1085, 1089 n. 7 (9th Cir.1993). See also Mulcahey v. Catalanotte, 353 U.S. 692, 694 (1957) (alien with 1923 narcotics conviction found deportable under 1952 act).
 
 
 12
 For the reasons stated above, we AFFIRM the order of the BIA that Espinoza is statutorily barred from seeking a discretionary waiver of deportation under Sec. 212 of the INA, as amended in 1990.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of the Circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 1251(a)(4), and Sec. 1251(a)(11) provide that:
 (a) Any alien in the United States ... shall, upon the order of the Attorney General, be deported who--
 (4) is convicted of a crime involving moral turpitude committed within five years after entry and either sentenced to confinement or confined therefor in a prison or corrective institution, for a year or more ...
 (11) is, or hereafter at any time after entry has been, a narcotic drug addict, or who at any time has been convicted of a violation of, or a conspiracy to violate, any law or regulation relating to the illicit possession of or traffic in narcotic drugs or marihuana,....
 8 U.S.C. Sec. 1251(a)(4), and Sec. 1251(a)(11) (1987).
 Section 241 of the Act, 8 U.S.C. Sec. 1251, was amended by the Immigration Act of 1990, and the grounds for deportation were reorganized. However, the reorganized section does not apply to Espinoza because he received notice of his deportation proceedings before March 1, 1991. 104 Stat. 5082 (1990).
 
 
 [2]
 The INS issued its Order to Show Cause on June 20, 1990. Because the 1990 amendment to Sec. 212(c) became effective November 17, 1990, Espinoza hoped that the pre-amended Act would apply to his case. Before the 1990 amendment, Sec. 212 provided, in part, that: "Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, ... may be admitted in the discretion of the Attorney General...." 8 U.S.C. Sec. 1182(c) (1987)
 
 
 [3]
 Section 212(c), as amended in 1990, states that "[t]he first sentence of this subsection shall not apply to an alien who has been convicted of one or more aggravated felonies and has served for such a felony or felonies a term of imprisonment of at least 5 years." 8 U.S.C. Sec. 1182(c) (1995)