# United States Court of Appeals

## For the First Circuit

---

No. 00-2130

JOHN BRIAN ATTWOOD,

Petitioner, Appellant,

v.

JOHN ASHCROFT, ET AL.,

Respondents, Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Joseph L. Tauro, <u>U.S. District Judge</u>]

---

Before

Lynch, <u>Circuit Judge</u>,
Coffin, <u>Senior Circuit Judge</u>,
and Schwarzer, <u>Senior District Judge</u>.[*]

---

<u>Brenda M. O'Malley</u>, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, with whom <u>David W. Ogden</u>, Assistant Attorney General and <u>Christopher C. Fuller</u>, Senior Litigation Counsel, were on brief, for appellant.

<u>Robert D. Watt, Jr.</u> for appellee.

---

[*]    Of the Northern District of California, sitting by designation.

August 2, 2001

**LYNCH, <u>Circuit Judge</u>**.    This is an appeal from a district court decision granting a petition for a writ of habeas corpus in the context of a removal order issued by the Board of Immigration Appeals.  We affirm the district court, though on alternate grounds.

John Brian Attwood is a native and citizen of Canada who was admitted to the United States as a lawful permanent resident on January 16, 1963.  On May 24, 1995, Attwood pled guilty to trafficking in cocaine, and was sentenced to a term of imprisonment of five to seven years (ultimately he served only four years and eleven months).  On April 18, 1996, the Immigration and Naturalization Service issued, signed, and dated an Order to Show Cause charging Attwood with deportability under sections 241(a)(2)(A)(iii) and 241(a)(2)(B)(i) of the Immigration and Naturalization Act, 8 U.S.C. §§ 1251(a)(2)(A)(iii) and 1251(a)(2)(B)(i) (1994), as an alien convicted of both an aggravated felony and a controlled substance violation.  The OSC, however, was not served on Attwood until June 6, 1996, and was filed with the immigration court on July 8, 1996.

Attwood conceded proper service of the OSC and deportability before the immigration judge, but requested leave to file for relief in the form of a discretionary waiver under former § 212(c) of the INA.[1]  The immigration judge denied his request for leave to file for § 212(c) relief, holding that his consideration for such relief was precluded under § 440(d) of the Antiterrorism and Effective Death Penalty Act,[2] and on June 18, 1997, ordered Attwood deported.  Attwood appealed this decision to the Board of Immigration Appeals, and on May 19, 1998, the BIA denied Attwood's appeal.

Attwood then filed a petition for a writ of habeas corpus in federal district court, challenging the denial of his

_____

[1]     Section 212(c) of the INA (as it existed before April 24, 1996, as codified at 8 U.S.C. § 1182(c) (1994)), "although explicitly directed at certain excludable aliens not yet admitted, had been read to give the Attorney General discretionary authority to waive deportation for aliens already within the United States who were deportable for having committed aggravated felonies or controlled substance violations."  Wallace v. Reno, 194 F.3d 279, 281 (1st Cir. 1999).  Such waiver was precluded for aggravated felons who had served five years or more in jail.  Id. (citing Immigration Act of 1990, Pub. L. No. 101-649, § 511(a), 104 Stat. 4978, 5052).

[2]     Enacted on April 24, 1996, § 440(d) of AEDPA revised § 212(c) of the INA to eliminate the availability of waiver for aliens convicted of most drug offenses, regardless of the amount of time served.  See Wallace, 194 F.3d at 281.

-4-

request for consideration for § 212(c) relief on several grounds. First, Attwood contended that since the INS had issued (and signed) the OSC on April 18, 1996, he was in deportation proceedings prior to the enactment of AEDPA § 440(d), and therefore its limitations on waiver are inapplicable to his case. See Wallace v. Reno, 194 F.3d 279, 286-87 (1st Cir. 1999) (considering a case where the OSC was served but not filed prior to AEPDA's enactment and finding that § 440(d) did not affect the statutory entitlement to consideration for § 212(c) waiver in such a case because deportation proceedings had already begun prior to its enactment). Attwood also argued that retroactive application of AEDPA § 440(d) in his case, where he pled guilty to the crime before AEDPA's enactment, would violate principles of providing fair notice and protecting reasonable expectations and reliance interests. Finally, Attwood said that the refusal to afford him consideration for § 212(c) relief violated equal protection and due process.

The district court granted Attwood's petition. Extending the reasoning of Wallace, the district court concluded that deportation proceedings against Attwood fairly began on the date the OSC was issued by the INS (April 18, 1996), not the

-5-

date that he was served (June 6, 1996). This determination placed the initiation of deportation proceedings against Attwood prior to the enactment of AEDPA and therefore rendered his application for § 212(c) relief outside of AEDPA's statutory bar.

The INS appeals, contesting the district court's determination that the deportation proceedings began on the date the OSC was issued and not the date it was served. Attwood responds, both defending the district court's determination that deportation proceeds had fairly begun and again raising his arguments that even if they had not, application of AEDPA § 440(d) in his case would violate other fundamental principles of fairness, due process, and equal protection.[3]

---

[3] Upon granting Attwood's petition, the district court remanded the case to the INS to consider whether, assuming his statutory eligibility for § 212(c) relief, Attwood merited that relief in the exercise of discretion. While this appeal was pending, immigration proceedings resumed under the district court's order, and on July 21, 2000, the immigration judge granted Attwood a discretionary waiver. The INS appealed to the BIA, challenging only Attwood's statutory eligibility for the waiver and not the immigration judge's favorable exercise of discretion. On October 18, 2000, BIA dismissed the INS's appeal, finding that it was compelled to do so in light of the district court's determination of statutory eligibility. At oral argument, it was suggested that these subsequent decisions render the current appeal moot, as the subsequent order of the immigration judge granting Attwood relief is not properly before the court. While it is correct that this order is not before us, and hence our holding does not have direct legal effect on that order, this does not render the dispute between the parties

At the time of Attwood's petition, a defendant in this circuit who pled guilty prior to AEDPA's enactment was entitled to consideration for § 212(c) relief only if he could demonstrate actual reliance on the availability of such relief. See Mattis v. Reno, 212 F.3d 31, 33 (1st Cir. 2000). Subsequent to the district court's decision, the Supreme Court addressed the availability of § 212(c) relief to such defendants in INS v. St. Cyr, --- U.S. ---, 121 S. Ct. 2271 (2001). In St. Cyr, the Court held that "§ 212(c) relief remains available for aliens . . . whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." Id. at 2293. As the government has properly conceded in supplemental briefing, this holding applies to Attwood. Therefore, on the ground that he pled guilty prior to the enactment of AEDPA, Attwood is, and was, entitled to a hearing on his request for a discretionary waiver under § 212(c).[4] We assume that, since Attwood was

---

moot. Rather, the INS and Attwood both have a continued stake in the outcome of this appeal -- the BIA explicitly relied on the district court's remand order in affirming the immigration judge, and a decision on appeal vacating that order would leave the INS free to pursue a remedy before the Board.

[4] Because Attwood is entitled to consideration for § 212(c) relief under St. Cyr, we do not address the district court's conclusion that deportation proceedings had fairly begun on the date of issuance of the OSC.

given such a hearing and awarded § 212(c) relief, our affirmance of the district court's order will conclude this matter in Attwood's favor.

**<u>Affirmed.</u>**