# United States Court of Appeals

## For the First Circuit

No. 02-1508

ANTHONY GOMES,

Petitioner - Appellant,

v.

JOHN ASHCROFT, ATTORNEY GENERAL OF THE UNITED STATES,
IMMIGRATION AND NATURALIZATION SERVICE; FRED MCDONALD, SHERIFF,

Respondents - Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Michael A. Ponsor, U.S. District Judge]

Before

Torruella, Circuit Judge,
Stahl, Senior Circuit Judge,
and Howard, Circuit Judge.

Michael G. Moore for appellant.
Brenda M. O'Malley, Attorney, with whom Robert D. McCallum,
Jr., Assistant Attorney General, and Terri J. Scadron, Senior
Litigation Counsel, were on brief, for appellees.

November 12, 2002

**STAHL, Senior Circuit Judge**.  Petitioner-appellant Anthony Gomes appeals from the district court's denial of his petition for habeas corpus under 28 U.S.C. § 2241, by which he sought review of an order of deportation.  He contends that he is entitled to discretionary relief pursuant to former section 212(c) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(c) (1995)(repealed), despite the fact that he served more than five years of a sentence for an aggravated felony.  We disagree, and affirm the district court.

## I. BACKGROUND

Gomes is a native and citizen of Trinidad.  He was admitted to the United States as a lawful permanent resident in 1972.  On August 22, 1992, he was convicted by a Massachusetts superior court jury of four counts of rape, and was sentenced to six to twenty years' imprisonment.  Gomes apparently began serving this sentence immediately, and was released from prison on May 9, 2001.

On November 30, 1994, the Immigration and Naturalization Service issued an Order to Show Cause charging Gomes with deportability as an alien convicted of an aggravated felony.  See 8 U.S.C. § 1227(a)(2)(A)(iii).  On January 30, 1996, Gomes filed an application for a waiver of deportability under former section 212(c) of the INA.[1]

---

[1]While Gomes's application was pending before an immigration judge, Congress enacted the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (April 24,

2

On October 23, 1996, the immigration judge held that Gomes was ineligible for former section 212(c) relief pursuant to AEDPA, and, in the alternative, denied his application as a matter of discretion. On October 31, 1997, the Board of Immigration Appeals (BIA) affirmed the order on the first ground and did not consider the alternative basis for denial of relief. Gomes sought habeas relief in the United States District Court for the District of Massachusetts. The district court denied his petition on April 9, 2002, holding that Gomes was ineligible for former section 212(c) relief because he had served a term of imprisonment for more than five years on his felony conviction.

## II. DISCUSSION

On appeal, Gomes challenges the district court's rulings of law, which we review de novo. Costa v. INS, 233 F.3d 31, 33 (1st Cir. 2000).

Former INA section 212(c) provided:

Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General . . . .

8 U.S.C. § 1182(c). While the statutory language specified aliens

---

1996). Section 440(d) of AEDPA amended INA section 212(c) by disqualifying aliens who committed an aggravated felony from obtaining former section 212(c) waivers. This amendment does not apply to Gomes's petition. Goncalves v. Reno, 144 F.3d 110, 133-34 (1st Cir. 1998).

3

attempting to reenter the country, we have uniformly interpreted former section 212(c) to give aliens in deportation proceedings, as well as exclusion proceedings, the right to apply for a discretionary waiver. Barreiro v. INS, 989 F.2d 62, 63 (1st Cir. 1993); see also, e.g., Attwood v. Ashcroft, 260 F.3d 1, 2 n.1 (1st Cir. 2001); Goncalves v. Reno, 144 F.3d 110, 114 (1st Cir. 1998).

The Immigration and Nationality Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978 (IMMACT), amended former section 212(c) to preclude an alien who has "been convicted of an aggravated felony and has served a term of imprisonment of at least 5 years" from seeking a section 212(c) waiver. Id. § 511(a). The amendment applied "to admissions occurring after the date of the enactment of this Act." Id. § 511(b). The enactment date of IMMACT was November 29, 1990. Pub L. No. 101-649, 104 Stat. 4978.

On January 30, 1996, Gomes filed an application for a waiver of deportability under former section 212(c). The BIA issued its final decision in Gomes's case on October 31, 1997. By this date, Gomes had served more than five years in prison. Under IMMACT, therefore, he was ineligible for former section 212(c) relief.

Against this, Gomes offers two arguments. First, he suggests that he is entitled to relief because he had served less than five years of his sentence at the time he filed his former section 212(c) application and went before the immigration judge. We join the Second Circuit, however, in holding that the relevant date is

4

when the BIA issued its decision. <u>Buitrago-Cuesta</u> v. <u>INS</u>, 7 F.3d 291, 296 (2d Cir. 1993) ("Just as we credit aliens for time spent in the country while an appeal is pending before the BIA so that they are eligible for § 212(c) relief, we will also consider the time aliens spend in prison during the course of a hearing for purposes of rendering them ineligible for § 212(c) relief."). Gomes does not dispute that he had served more than five years by that time.[2]

Second, Gomes questions settled interpretation of the term "admissions" as used in section 511(b). He contends that because he entered the United States in 1972, nearly two decades before the effective date of IMMACT, the five-year rule set forth in the IMMACT amendments does not apply to his case. The statutory term "admission[]" does not refer to an alien's initial entry; rather, quite confusingly, it refers to the alien's effort to seek admission through his petition for relief from exclusion under § 212(c). A.G. Order No. 1531-91, 56 Fed. Reg. 50033 (Oct. 3, 1991) ("[T]he term 'admissions' [as used in § 511(b)] covers all

---

[2]Gomes also contends generally that IMMACT section 511(a) should not apply retroactively to his conviction. All of the circuit courts that have considered this argument have rejected it, including ours. <u>Barreiro</u>, 989 F.2d at 63; <u>see</u> <u>also</u> <u>Scheidemann</u> v. <u>INS</u>, 83 F.3d 1517, 1523 (3d Cir. 1996); <u>Samaniego-Meraz</u> v. <u>INS</u>, 53 F.3d 254, 255 (9th Cir. 1995); <u>Asencio</u> v. <u>INS</u>, 37 F.3d 614, 616-17 (11th Cir. 1994); <u>Campos</u> v. <u>INS</u>, 16 F.3d 118, 122 (6th Cir. 1994); <u>De Osorio</u> v. <u>INS</u>, 10 F.3d 1034, 1043 (4th Cir. 1993); <u>Buitrago-Cuesta</u>, 7 F.3d at 296. In any event, Gomes's conviction took place in 1992, after IMMACT's enactment date.

5

applications under the Act for section 212(c) relief, whether actually made upon application for admission into the United States or made only after entry."); see also Goncalves, 144 F.3d at 114; Barreiro, 989 F.2d at 63; De Osorio v. INS, 10 F.3d 1034 (4th Cir. 1993).[3]  Gomes applied for former section 212(c) relief on January 30, 1996, well after the 1990 enactment date of IMMACT. Accordingly, his admission, for purposes of IMMACT, occurred after the effective date set forth in § 511(b), and he is ineligible for former section 212(c) relief.[4]

Affirmed.

---

[3]Although we did not comment specifically on the Attorney General's interpretation of § 511(b), we stated in White v. INS that "[t]he amendment applies to applications for discretionary relief filed after November 20, 1991."  17 F.3d 475, 477 n.3 (1st Cir. 1994) (citing De Osorio, 10 F.3d at 1034).  (In White, we misstated the enactment date of IMMACT; the actual enactment date was November 29, 1990.  Pub L. No. 101-649, 104 Stat. 4978.  The discrepancy is immaterial to this case.)

[4]Because we conclude that Gomes is ineligible for relief under former section 212(c), the other arguments presented in his brief are moot.