**Manuel Federico SAMANIEGO–MERAZ, Petitioner,**

v.

**IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

**No. 93–70692.**

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 1995 *.

Decided April 20, 1995.

Jose A. Bracamonte, Phoenix, AZ, for petitioner.

Kristin A. Cabral, Office of Immigration Litigation, U.S. Dept. of Justice, Washington, DC, for respondent.

Before: BRUNETTI, THOMPSON, and HAWKINS, Circuit Judges.

BRUNETTI, Circuit Judge:

In this appeal, we consider whether an applicant who was convicted for an "aggravated felony" before the effective date of the Anti–Drug Abuse Act of 1988 (ADAA), Pub.L. No. 100–690, 102 Stat. 4181, 4469–73, §§ 7342–50 (1988), is statutorily barred from applying for discretionary waiver of deportation under Immigration and Nationality Act (INA) § 212(c), 8 U.S.C. § 1182(c) (1988 & Supp. V 1993).

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34–4.

## I.

Petitioner Manuel Federico Samaniego–Meraz is a native and citizen of Mexico who was admitted to the United States for permanent residence on November 5, 1953. On February 7, 1986, he was convicted in the Superior Court of Arizona, Pima County, for transportation of marijuana, in violation of Ariz.Rev.Stat.Ann. § 36–1002.07, and for conspiracy to sell marijuana, in violation of Ariz. Rev.Stat.Ann. §§ 13–1003 & 3404(A)(3). Samaniego–Meraz was again convicted on March 17, 1986, this time in the United States District Court for the District of Arizona, for conspiracy to distribute marijuana, in violation of 21 U.S.C. § 846, and for unlawful distribution of marijuana, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 18.

Consequently, an Order to Show Cause was issued on February 14, 1992, charging him as deportable under INA §§ 241(a)(1)(B) [entry without inspection], 241(a)(1)(A) [no valid immigration visa], and 241(a)(2)(B)(i) [conviction of a controlled substance offense]. *See* 8 U.S.C. §§ 1251(a)(1)(B), 1251(a)(1)(A), and 1251(a)(2)(B)(i) (1988 & Supp. V 1993). At the deportation hearing, Samaniego–Meraz admitted several of the allegations in the Order to Show Cause. Among the admitted allegations were the charges regarding his drug convictions. The immigration judge designated, and Samaniego–Meraz conceded, that Mexico be the country of deportation.

On March 10, 1993, Samaniego–Meraz again appeared before the immigration judge, this time for a hearing on his application for waiver of deportation pursuant to INA § 212(c). At the hearing, the Immigration and Naturalization Service moved to pretermit the adjudication of Samaniego–Meraz's § 212(c) application, arguing that because he had served more than five years in prison for felony convictions, he was statutorily ineligible for relief.

Relying on the Board of Immigration Appeals' (BIA's) decision in *Matter of A–A–*, Int.Dec. 3176 (BIA 1992), and the parties' stipulation that Samaniego–Meraz had served a total of seven years in prison, the immigration judge found petitioner ineligible for relief under § 212(c). As a result, the immigration judge pretermitted the proceeding and ordered Samaniego–Meraz deported.

On March 22, 1993, Samaniego–Meraz appealed the immigration judge's decision to the BIA. Adopting the immigration judge's decision, the BIA likewise found that Samaniego–Meraz was statutorily ineligible for § 212(c) relief. Samaniego–Meraz timely appeals the BIA's decision. We have jurisdiction pursuant to INA § 106(a), 8 U.S.C. § 1105a, and we affirm.

## II.

Samaniego–Meraz seeks to apply for a waiver of deportation under § 212(c) of the INA, 8 U.S.C. § 1182(c). Although otherwise eligible, the immigration judge, and subsequently the BIA, refused to consider Samaniego–Meraz's application for waiver of deportation under § 212(c) because he "has been convicted of one or more aggravated felonies and has served for such felon or felonies a term of imprisonment of at least 5 years." Samaniego–Meraz contends that the bar based on aggravated felony convictions does not apply to him because his convictions pre-date the enactment of the ADAA.

> INA § 212(c) provides, in pertinent part:
> Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General.... The first sentence of this subsection shall not apply to an alien who has been convicted of one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least 5 years.

8 U.S.C. § 1182(c). Despite the fact that this section literally applies only in exclusion proceedings, we have held that equal protection requires that § 212(c) relief also be available in deportation proceedings. *Tapia–Acuna v. Immigration and Naturalization Service*, 640 F.2d 223 (9th Cir.1981). The term "aggravated felony" was first applied in immigration law by the ADAA, which provided that an aggravated felon would be subject to certain consequences under immigration law.

Pub.L. No. 100–690, 102 Stat. 4181, 4469–73, 8 U.S.C. § 1101(a)(43) (1988 & Supp. V 1993). The last sentence of § 212(c), the provision at issue in this case, was added by § 511(a) of the Immigration Act of 1990 (IMMACT), Pub.L. No. 101–649, 104 Stat. 4978 (1990), and amended by the Miscellaneous and Technical Immigration and Naturalization Amendments of 1991 (Technical Amendments), § 306(a)(10), Pub.L. 102–232, 105 Stat. 1733, 1751 (1991). IMMACT § 511(b) provides that the aggravated felony bar "shall apply to admissions occurring after the date of the enactment of this Act." Pub.L. No. 101–649, 104 Stat. at 5052. IMMACT was enacted on November 29, 1990. *Id.* Both the definition of "aggravated felony" in the ADAA, and the § 212(c) bar, as amended, are silent about whether they apply to pre-enactment convictions.

■ As an initial matter, the parties dispute whether application of the § 212(c) bar to pre-ADAA convictions would render the statute retroactive. The BIA decision that first addressed this question, *Matter of A–A–*, Int.Dec. 3176 (BIA 1992), referred to its interpretation as "retroactive." *Id.* at 13. Likewise, circuits that have addressed this question have disagreed about whether application of the aggravated felony bar to pre-enactment convictions would be retroactive application. *Compare, Buitrago–Cuesta v. Immigration and Naturalization Service,* 7 F.3d 291, 295 (2d Cir.1993) ("[T]he concept of aggravated felony expressly applies retroactively to a provision relating to deportation."); *with De Osorio v. U.S. Immigration and Naturalization Service,* 10 F.3d 1034, 1041–42 (4th Cir.1993) ("[W]e do not view the Board's interpretation as a retroactive application of either § 212(c) or § 101(a)(43). . . ."); *Barreiro v. Immigration and Naturalization Service,* 989 F.2d 62, 64 (1st Cir.1993) ("This is scarcely a situation calling for [the] warning" upon which the presumption against retroactivity is based.). We agree with the Fourth and First Circuits that application of the aggravated felony bar in § 212(c) to pre-enactment convictions is not retroactive.

■ A statute is not retroactive merely because the facts upon which its subsequent application depends are drawn from a time antecedent to its effective date. *Landgraf v. USI Film Prods.,* —— U.S. ——, ——, 114 S.Ct. 1483, 1499, 128 L.Ed.2d 229 (1994). Neither is a law retroactive simply because it upsets expectations based in a prior law. *Id.* Retroactivity depends on whether the new provision attaches new legal consequences to events completed before its enactment. *Id.* & n. 23. "The conclusion that a particular rule operates 'retroactively' comes at the end of a process of judgment concerning the nature and extent of the change in the law and the degree of connection between the operation of the new rule and a relevant past event." *Id.*

Section 212(c) involves discretionary relief from deportation. Congressional repeal of a discretionary power to relieve an alien from deportation does not attach any *new* legal consequence to the pre-enactment events (*i.e.,* the drug convictions). *De Osorio,* 10 F.3d at 1042. Therefore, we conclude that application of § 212(c) to pre-enactment enactment convictions is not a retroactive application of the statute.

Since we conclude that application of § 212(c) to pre-enactment convictions is not retroactive, we do not, as Samaniego–Meraz suggests, begin with a presumption against retroactive application. In the absence of a presumption against retroactivity, few arguments are left in Samaniego–Meraz's brief with which to rebut the countervailing evidence that Congress intended the last sentence of § 212(c) to apply regardless of the date of the underlying conviction.

Samaniego–Meraz's primary argument why § 212(c) should not apply to him is that the structure of ADAA indicates that Congress intended the consequences for aggravated felony convictions to apply only to convictions after the date of the enactment of the ADAA, November 18, 1988. He notes that of the seven substantive provisions of ADAA, four are explicitly prospective and three omit any indication of their temporal scope, and therefore implicitly include pre-enactment convictions. Each of the explicitly prospective provisions pertain to deportation. The other provisions, which Samaniego–Meraz argues are implicitly retroactive, pertain

to reentry by persons previously deported. This distinction, he concludes, reflects Congress' recognition of the long-standing differentiation between the rights of persons in the United States and those seeking admission. This congressional differentiation between reentry and deportation, he argues, compels the conclusion that the aggravated felony bar should not apply to pre-ADAA convictions of deportable aliens seeking § 212(c) relief.

This argument relies on the premise that a dichotomy exists in the INA between deportation and reentry. We have historically acknowledged different legal standing and rights affecting deportation and reentry. Those differences undoubtedly remain important in other contexts. *See e.g., Ramirez–Durazo v. Immigration and Naturalization Service,* 794 F.2d 491, 497 (9th Cir.1986) (describing the differing scopes of due process protection afforded to aliens seeking admission and aliens subject to deportation). However, in the context of § 212(c), the distinction between reentry and deportation has been blurred. As we explained above, § 212(c) by its terms only applies to exclusionary proceedings. However, courts have uniformly held that § 212(c) relief is also available to aliens facing deportation. *De Osorio,* 10 F.3d at 1039. Moreover, with respect to the INA aggravated felony provisions, Congress has diluted the clear dichotomy through the Technical Amendments. Under these circumstances, Samaniego–Meraz's structural argument cannot be sustained.[1]

Although Samaniego–Meraz raised only a few arguments, in reaching our decision in this case, we have examined other arguments related to the ADAA's language, structure, and history.[2] While this circuit has not previously passed on this question, as noted, we

are by no means the first circuit to examine it. *See De Osorio,* 10 F.3d at 1038; *Buitrago–Cuesta,* 7 F.3d at 293; *Barreiro,* 989 F.2d at 63. Parties in those cases presented a litany of arguments, which are unnecessary to explain in full detail here. Suffice it to say, in examining the various arguments about the congressional intent about temporal scope of the term "aggravated felony," it is easy to conclude, as the Fourth Circuit did, that "[t]o characterize these arguments as complex and irreconcilable would be an understatement." *De Osorio,* 10 F.3d at 1039.

Because the term "aggravated felony" in the ADAA is silent about its temporal application, and because there are conflicting plausible interpretations of it, we find that the statute is ambiguous on the question of its effective date. When we are confronted with an ambiguous statutory provision, we defer to a reasonable interpretation espoused by the agency entrusted with its implementation. *Cal–Almond, Inc. v. United States Department of Agriculture,* 14 F.3d 429, 448 (9th Cir.1993). We conclude that the BIA's interpretation, as pronounced in *Matter of A–A–,* Int.Dec. 3176, is a reasonable construction of the statute and is consistent with congressional intent to restrict the availability of § 212(c) relief. *See De Osorio,* 10 F.3d at 1041. We therefore defer to the BIA's decision that the aggravated felony bar in § 212(c) applies to convictions that predate the ADAA. In so concluding, we are in accord with every other court that has considered this issue. *See Asencio v. Immigration and Naturalization Service,* 37 F.3d 614, 616–17 (11th Cir.1994); *Campos v. Immigration and Naturalization Service,* 16 F.3d 118, 120–22 (6th Cir.1994); *De Osorio,*

---

1. In making his argument, Samaniego–Meraz relies on our decision in *Ayala–Chavez v. Immigration and Naturalization Service,* 945 F.2d 288 (9th Cir.1991). The parties dispute whether the reasoning of *Ayala–Chavez* is still persuasive authority after our decision in that case was overruled by the Technical Amendments. *Arthurs v. Immigration and Naturalization Service,* 959 F.2d 142, 143 (9th Cir.1992). "Legislative response does not necessarily indicate that Congress viewed judicial decision altered by legislation as 'wrongly decided' as an interpretive matter...." *Rivers v. Roadway Express, Inc.,* —— U.S. ——,

———, 114 S.Ct. 1510, 1515, 128 L.Ed.2d 274 (1994). While the Technical Amendments do not necessarily imply that the reasoning of *Ayala–Chavez* was originally flawed, as our analysis indicates, we believe they did alter the INA so that *Ayala–Chavez's* reasoning is no longer viable.

2. Samaniego–Meraz has not raised, and we do not consider, any possible constitutional objections to specific applications of this provision.

10 F.3d at 1043; *Buitrago–Cuesta,* 7 F.3d at 295; *Barreiro,* 989 F.2d at 64.

### III.

For the foregoing reasons, we AFFIRM the BIA's decision in this case and Samaniego–Meraz's petition is DENIED.