**Ramon MENDEZ–TAPIA, Petitioner,**

v.

**Roseanne C. SONCHIK, District Director, Immigration and Naturalization Service, Respondent.**

**No. CIV–98–0193–PHX–ROS (SLV).**

United States District Court, D. Arizona.

Feb. 26, 1998.

Wendy Shelly LeStarge, Stender & Larkin, Phoenix, AZ, for Ramon Mendez–Tapia.

Michael A. Johns, U.S. Atty., Cynthia M. Parsons, U.S. Atty., District of Arizona, Phoenix, AZ, Frank W. Hunger, Asst. Atty. Gen., Linda S. Wendtland, Senior Litigation Counsel, Washington, DC, Timothy P. McIlmail, Office of Immigration Litigation, Civil Div., U.S. Dept. of Justice, Falls Church, VA, for Respondent.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW AND ORDER**

SILVER, District Judge.

**I. *INTRODUCTION***

This is a Petition for Habeas Corpus and Motion for Temporary Restraining Order filed by Ramon Mendez–Ruiz ("Petitioner" or "Mendez"). Mendez, a native and citizen of Mexico, entered the United States illegally

after having been previously deported pursuant to an Order that was entered and executed on July 17, 1987. On February 4, 1998, the INS reinstated that 1987 Deportation Order under section 241(a)(5) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(a)(5). On February 4, 1998, Mendez filed this Petition to prevent the INS from removing him from the United States. Also on that date, this Court stayed any removal of Mendez, requested additional briefing on retroactivity and on whether language used in 241(a)(5) was intended to incorporate prior orders of deportation, and set a February 18, 1998, hearing date.

Mendez cites 28 U.S.C. § 2241 as a jurisdictional basis. He argues that section 241(a)(5) does not apply to him because his Deportation Order was entered prior to the effective date of section 241(a)(5). He also argues that application of section 241(a)(5) to an "Order of Deportation" is inappropriate because, whereas section 276 of the INA, 8 U.S.C. § 1326, which provides for criminal penalties for reentry after deportation, expressly references an "Order of Deportation," section 241(a)(5) references only an "Order of Removal."

Respondent, INS District Director Roseanne Sonchik, argues that the court lacks jurisdiction to review the Petition, and that the "transitional references" found at section 309(d)(2) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. 104–208, 110 Stat. 3009, 3009–625 (Sept. 30, 1996), provide the authority for application of section 241(a)(5) to the 1987 Deportation Order at issue here.

Having reviewed the Petition for Habeas Corpus and Motion for Temporary Restraining Order with exhibits filed by the parties, as well as Mendez' supplemental briefing, the INS's response and Mendez' reply, and after having heard oral argument, the court finds and concludes as follows:

## II. FACTS

1. Petitioner Ramon Mendez–Tapia ("Mendez") is a male native and citizen of Mexico who entered the United States without inspection in 1986. (Exhibit 2 to Respondent's Response to Petitioner's Supplemental Briefing—Warrant of Deportation dated July 17, 1987 ("Resp.Exh. 2").)

2. On July 17, 1987, an Immigration Judge ordered Mendez deported as an alien who entered the United States without inspection. (Exhibit 1 to Respondent's Response to Petitioner's Supplemental Briefing—Decision of Immigration Judge dated July 17, 1987 ("Resp.Exh. 1").)

3. Mendez waived appeal from the Immigration Judge's decision. (Resp.Exh. 1).

4. The INS deported Mendez from the United States on July 17, 1987. (Resp.Exh. 2).

5. Mendez was arrested in Maricopa Country, Arizona, for driving under the influence of alcohol, and was released to the custody of the INS on September 19, 1997. (Exhibit 4 to Respondent's Response to Petitioner's Supplemental Briefing—Declaration of INS Immigration Officer Kristine Brisson dated February 11, 1998 ("Resp.Exh. 4").)

6. On September 19, 1997, the INS served Mendez with a Notice to Appear (Form I–862), charging him with inadmissibility under section 212(a)(6)(A)(i) of the INA, 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time and place other than as designated by the Attorney General. (Resp.Exh. 4).

7. In mid-January, 1998, Immigration Officer Brisson of the Phoenix INS office obtained the 1987 order of deportation against Mendez. (Resp.Exh. 1, Resp.Exh. 4.)

8. On February 4, 1998, Mendez reported to the Phoenix INS office as requested by Officer Brisson. (Resp.Exh. 4). Mendez admitted to Officer Brisson that he reentered the United States illegally after his 1987 deportation. (Resp.Exh. 4.)

9. On February 4, 1998, Officer Brisson notified Mendez that the Form I–862 would not be filed with the Immigration Court, and instead, took Mendez into custody and reinstated the 1987 order of deportation under section 241(a)(5) of the INA. (Resp.Exh. 4). This petition followed.

10. Any finding of fact deemed to be a conclusion of law is so adopted.

## III. *CONCLUSIONS OF LAW*

This Court concludes that it lacks jurisdiction over this challenge to the INS' application of section 241(a)(5). Section 241(a)(5) provides for the removal of an alien under a reinstated order. Section 241(a)(5) states:

If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry. 8 U.S.C. § 1231(a)(5).

■ Section 242(g) of the INA, 8 U.S.C. § 1252(g), deprives this Court of jurisdiction to hear any claim by an alien arising from the action of the Attorney General to execute a removal order against the alien under the INA. *See Caravantes v. INS,* 967 F.Supp. 1179, 1182–83 (D.Ariz.1997). Section 242(g) of the INA, as amended by IIRIRA § 306(a), 110 Stat. at 3009–612, provides:

*Exclusive Jurisdiction*

Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter. 8 U.S.C. § 1252(g).

Section 242(g) took effect no later than April 1, 1997, and applies to all past, pending, and future immigration proceedings. *See Caravantes,* 967 F.Supp. at 1182–83; IIRIRA § 306(c)(1). Because application of section 241(a)(5) involves action to remove an alien, review of that action is subject to the limitations found at section 242(g).

■ Section 242(g)'s use of the phrase "notwithstanding any other provision of law" is an express repeal of jurisdiction, even of the habeas corpus jurisdiction invoked by Mendez under 28 U.S.C. § 2241. *See id.* Whatever "constitutional" habeas review remains is limited in scope to claims of grave constitutional error or a fundamental miscarriage of justice not alleged or presented here. *See Gutierrez–Martinez v. Reno,* 989 F.Supp. 1205, 1209 (N.D.Ga.1998) (quoting *Heikkila v. Barber,* 345 U.S. 229, 235, 73 S.Ct. 603, 97 L.Ed. 972 (1953)); *Duldulao v. Reno,* 958 F.Supp. 476, 480 & n. 2 (D.Haw.1997). Mendez' allegation of legal error does not raise constitutional concerns. *See United States ex rel. Vajtauer v. Comm'r of Immigration,* 273 U.S. 103, 106, 47 S.Ct. 302, 71 L.Ed. 560 (1927) ("[A] want of due process is not established by showing merely that the decision is erroneous."). Even if the petition raised a claim of gross miscarriage of justice sufficient to constitute an issue of constitutional significance, the district court would have no jurisdiction to review the reinstated 1987 deportation order. *See Caravantes,* 967 F.Supp. at 1182–83. Review of deportation orders is available only in the Courts of Appeals and not in the district courts and, therefore, constitutional habeas review would not be in furtherance of the jurisdiction of this Court. *See id.* at 1183.

■ In addition, section 241(a)(5) itself states that a reinstated removal order "is not subject to being reopened or reviewed." 8 U.S.C. § 1231(a)(5). Mendez argues that because section 241(a)(5) employs the term "order of removal" rather than "order of deportation," section 241(a)(5) cannot be applied to reinstate his 1987 order of deportation. The Court disagrees. Section 241(a)(5) was added to the INA by IIRIRA § 305(a)(3). 110 Stat. at 3009–598. Section 309(d)(2) of IIRIRA states that for the purposes of carrying out the INA as amended by IIRIRA, "any reference in law to an order of removal shall be deemed to include a reference . . . to an order of deportation." 110 Stat. at 3009–625. In view of section 309(d)(2), the Court concludes that section 241(a)(5)'s reference to a "prior order of removal" shall be deemed to include a reference to a "prior order of deportation."

Mendez points to section 276 of the INA, 8 U.S.C. § 1326, to support his argument that

section 241(a)(5) is not meant to reach an order of deportation. Section 276 reads:

Reentry of Removed Alien:

(a) Subject to subsection (b) of this section, any alien who—

(1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter.

(2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously denied admission and removed, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act,

shall be fined under Title 18, or imprisoned not more than 2 years, or both. 8 U.S.C. § 1326(a).

He argues that if Congress had intended section 241(a)(5) to reach orders of deportation it would have employed specific language of the kind found at section 276(a) to express that intent.

The Court is not persuaded by this argument. Section 241(a)(5) is a civil provision providing for removal from the United States; section 276, found at 8 U.S.C. § 1326, is a criminal provision subjecting aliens to criminal prosecution for illegal reentry after deportation. The unique nature of criminal law and its requirements for specificity sufficiently explains and reconciles any perceived inconsistency between the language used in section 309(d)(2) and section 276. This Court finds that the language of 309(d)(2) is sufficiently clear and establishes that Congress intended 241(a)(5) to apply to orders of deportation which became final prior to the effective date of IIRIRA.

Citing to *Landgraf v. USI Film Products,* 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994) as support, Mendez argues that section 241(a)(5) should not be applied to him because it would be "impermissibly retroactive" to reinstate a deportation order entered in 1987 under a provision of law that took effect in 1997. The Court concludes that this case presents no *Landgraf*-type concerns. When Congress has expressly prescribed the proper reach of a statute, no need exists to resort to judicial default rules set forth in *Landgraf. Landgraf,* 511 U.S. at 280. Congress has prescribed section 241(a)(5)'s reach. IIRIRA's effective date provisions state that with exceptions not applicable to this case, the new rules added by IIRIRA apply to an alien covered by their terms unless the alien is currently in exclusion or deportation (as opposed to removal) proceedings. *See* IIRIRA §§ 306(c), 309(a), (c)(1)(A); 110 Stat. at 3009–612, 3009–625. Mendez is not currently in deportation proceedings; his deportation proceedings terminated on July 17, 1987, when he waived his right to appeal from the Immigration Judge's order of deportation. *See* 8 C.F.R. § 243.1 (1987). Further, as discussed previously, IIRIRA § 309(d)(2) explicitly provides that section 241(a)(5)'s reference to a prior Order of Removal shall be deemed to include a reference to a prior Order of Deportation. Accordingly, section 241(a)(5) applies to Mendez.

■ However, even under *Landgraf*'s "default" analysis, section 241(a)(5)'s application to Mendez would not be "retroactive" in nature. Even if section 241(a)(5) were not applicable to Mendez, the INS could seek his removal under section 212(a)(6)(A)(i) of the INA. *See* sections 239(a)(1), 240(a)(2), (e)(2) of the INA; 8 U.S.C. §§ 1229(a)(1), 1229a(a)(2), (e)(2). In removal proceedings before an Immigration Judge that are not covered by section 241(a)(5), an alien can apply for discretionary relief from removal, including, presumably, cancellation of removal. *See* sections 240(a)(1), 240A(b) of the INA, 8 U.S.C. §§ 1229a(a)(1), 1229b(b). However, under section 241(a)(5), Mendez "is not eligible and may not apply for any relief under the [INA]." 8 U.S.C. § 1231(a)(5). A Congressional repeal of the discretionary power to prospectively relieve an alien from deportation has no retroactive effect. *Landgraf,* 511 U.S. at 282; *Samaniego–Meraz v.*

*INS,* 53 F.3d 254 (9th Cir.1995) (finding no retroactivity in statute precluding certain aliens from applying for discretionary relief under former INA § 212(c), on the basis of pre-enactment conduct).

Based on the foregoing findings of fact and conclusions of law, the Court concludes that in view of the limitations on review found in sections 241(a)(5) and 242(g), it is without jurisdiction to review any claim arising from the Attorney General's reinstatement of the 1987 deportation order against Mendez.

Accordingly,

IT IS HEREBY ORDERED denying the petition for writ of habeas corpus and motion for temporary restraining order.

IT IS FURTHER ORDERED lifting the stay of removal entered by the Court on February 4, 1998.

IT IS FURTHER ORDERED dismissing this case with prejudice.