**Anthony TOIA, Petitioner–Appellant,**

**v.**

**Adele J. FASANO, District Director, Immigration and Naturalization Service; John Ashcroft, United States Attorney General, Respondents–Appellees.**

No. 02–55436.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2002.

Filed June 30, 2003.

Stephen G. Nelson, San Diego, CA, for the Petitioner–Appellant.

Anh–Thu P. Mai, Office of Immigration Litigation, United States Department of Justice, Civil Division, for the Respondents–Appellees.

Before BEEZER, KOZINSKI and WARDLAW, Circuit Judges.

BEEZER, Circuit Judge:

The question before us is whether the provision of the Immigration Act of 1990, barring aggravated felons from applying for Immigration and Nationality Act § 212(c) relief, applies to aliens who pleaded guilty prior to the enactment of the Immigration Act of 1990. We have jurisdiction pursuant to 28 U.S.C. § 1291, and hold that it does not.

I

Petitioner Anthony Toia is a resident alien who came to the United States as a child and has lived here ever since. In 1989, Toia entered a guilty plea for conspiracy to possess a controlled substance with intent to distribute. At the time of this plea agreement, Toia was eligible to apply for § 212(c) relief. Immigration and Nationality Act § 212(c), 8 U.S.C. § 1182(c) (repealed 1996) (" § 212(c)"). In 1989, § 212(c) allowed the Attorney General to grant discretionary waivers of relief from deportation for aliens who were lawful permanent residents of the United States and who had accrued seven consecutive years of lawful unrelinquished domicile in the United States. *Id.* Toia was sentenced to a term of ten years of incarceration.

In 1990, Congress rendered ineligible for § 212(c) relief any alien who had been convicted of an aggravated felony and who served a term of imprisonment of at least five years. Immigration Act of 1990, Pub. L. No. 101–649, § 511(a), 104 Stat. 4978, 5052 ("IMMACT"). Toia's conviction qual-

ified as an aggravated felony. *See* 8 U.S.C. § 1101(a)(43) (1988) (defining "aggravated felony" to include certain drug trafficking crimes).

In April 1997, the Immigration and Naturalization Service initiated removal proceedings. Toia applied for relief under § 212(c), but the Immigration Judge deemed him ineligible. The Board of Immigration Appeals affirmed, and the district court denied Toia's habeas petition and motion to reconsider in February of 2002. Toia appeals.

II

The Supreme Court has not explicitly addressed whether the IMMACT aggravated felony bar applies to aliens who pleaded guilty prior to the enactment of IMMACT in 1990, but it has addressed a similar question. Congress eliminated § 212(c) relief altogether when it enacted the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104–208, div. C, § 304(b), 110 Stat. 3009, 3009–597 (1997) ("IIRIRA"). In *INS v. St. Cyr,* 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), the Supreme Court considered whether IIRIRA applied retroactively, precluding aliens who had pleaded guilty prior to its 1996 enactment from eligibility for § 212(c) relief. The Court held that it did not: IIRIRA did not strip aliens who pleaded guilty prior to the enactment of IIRIRA, in reliance on the availability of § 212(c) relief, of their eligibility for that relief. *Id.* at 326, 121 S.Ct. 2271. The question before us is whether the reasoning of *St. Cyr* applies equally to aggravated felons incarcerated for at least five years who pleaded guilty prior to IMMACT, believing that they would be eligible for § 212(c) relief. We hold that it does.

## III

In determining whether IMMACT's aggravated felon bar applies retrospectively to aliens who pleaded guilty prior to 1990, we first look to " 'whether Congress has expressly prescribed the statute's proper reach.' " *Martin v. Hadix*, 527 U.S. 343, 352, 119 S.Ct. 1998, 144 L.Ed.2d 347 (1999) (quoting *Landgraf v. USI Film Prods.*, 511 U.S. 244, 280, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994)); *see also INS v. St. Cyr*, 533 U.S. at 316, 121 S.Ct. 2271 ("[T]he first step in determining whether a statute has an impermissible retroactive effect is to ascertain whether Congress has directed with the requisite clarity that the law be applied retrospectively."). To find clear congressional intent under *St. Cyr*, the express language of the statute must be capable of only one interpretation. *St. Cyr*, 533 U.S. at 316–17, 121 S.Ct. 2271 ("The standard for finding such unambiguous direction is a demanding one. Cases where this Court has found truly retroactive effect adequately authorized by statute have involved statutory language that was so clear that it could sustain only one interpretation.") (internal quotation marks omitted). Thus, we first look to the express language of the statute to see if congressional intent is clear.

IMMACT amended § 212(c), restricting eligibility for § 212(c) relief for certain aggravated felons. IMMACT § 511(a). As amended in 1990, § 212(c) read:

> Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General.... *The first sentence of this subsection shall not apply to an alien who has been convicted of an aggravated felony and has served a term of imprisonment of at least 5 years.*

8 U.S.C. § 1182(c) (1990) (emphasis added).[1] IMMACT provided that this amendment, "shall apply to admissions occurring after the date of the enactment of this Act," IMMACT § 511(b), 104 Stat. at 5052, which was November 29, 1990, *id.* at 4978.

The circuit courts and the BIA are divided as to whether Congress clearly and expressly intended the amendment to apply to convictions which pre-dated November 29, 1990. Although Congress stated that the bar applies to *admissions* taking place after November 29, 1990, its intention is less clear as to whether the *convictions* also need to have taken place after November 29, 1990. *See Samaniego–Meraz v. INS*, 53 F.3d 254, 256 (9th Cir.1995) ("[T]he 212(c) bar, as amended [by IMMACT], [is] silent about whether [it] appl[ies] to pre-enactment convictions."); *accord De Osorio v. INS*, 10 F.3d 1034, 1041 (4th Cir.1993) ("[W]e find that the statute is silent or ambiguous with respect to the specific [retroactivity] issue ...."） (internal quotation marks omitted); *Matter of A——A——*, 20 I & N Dec. 492, 502, 1992 WL 195810 (B.I.A.1992) ("Neither the 1990 Act nor the 1991 Amendments ... specified when a conviction must occur to be classified as an aggravated felony for purposes of this statutory bar."). *But see Campos v. INS*, 16 F.3d 118, 122 (6th Cir.1994) ("It seems clear to us, as it has seemed clear to our sister circuits, that in barring discretionary waiver for an aggravated felon 'who has served' five years,

---

**1.** Section 212(c) was further revised in 1991 to clarify that the bar applied to multiple aggravated felons whose aggregate terms of imprisonment exceeded five years. Miscella-neous Technical Immigration and Naturalization Amendments of 1991, Pub. L. No. 102–232, § 306(a)(10), 105 Stat. 1733, 1757.

and in making that bar effective right after enactment, Congress contemplated that some aliens would be subject to the bar immediately."); *Buitrago–Cuesta v. INS,* 7 F.3d 291, 295 (2d Cir.1993) ("[W]e find that the plain language of the statute indicates a congressional intent that [IM-MACT] apply retroactively...").

This disagreement about whether Congress intended retroactive application of § 511(a) to convictions occurring prior to November 29, 1990, is perhaps the best evidence that congressional intent was not clearly expressed. Section 511(a) lacks clear, strong language, *cf. Landgraf,* 511 U.S. at 272, 114 S.Ct. 1483, which can be subject to only one interpretation. *St. Cyr,* 533 U.S. at 316–17, 121 S.Ct. 2271. Consequently, it does not reflect the requisite clear congressional intent.[2]

### IV

In the absence of clear congressional intent to apply the statute retroactively, we consider whether applying it to the conduct in question, i.e., depriving aggravated felons who pleaded guilty prior to 1990 of § 212(c) relief, produces an impermissible retroactive effect. *See Martin,* 527 U.S. at 352, 119 S.Ct. 1998 ("If there is no congressional directive on the temporal reach of a statute, we determine whether the application of the statute to the conduct at issue would result in a retroactive effect."); *Landgraf,* 511 U.S. at 280, 114 S.Ct. 1483 ("When ... the statute contains no such express command, the court must determine whether the new statute would

have retroactive effect...."). If it does, we presume the statute does not apply. *Id.* (citing the "traditional presumption" against retroactivity).

■ "A statute has [a] retroactive effect when it takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability ... to transactions or considerations already past...." *St. Cyr,* 533 U.S. at 321, 121 S.Ct. 2271.

Prior to *St. Cyr,* we held that barring aggravated felons convicted prior to 1990 from applying for § 212(c) relief did not create an impermissibly retroactive effect. *Samaniego–Meraz v. INS,* 53 F.3d at 256. Then came *St. Cyr.* There, the Supreme Court emphasized the "presumption against retroactive legislation ... deeply rooted in our jurisprudence," and reasoned that "considerations of fairness dictate that individuals should have an opportunity to know what the law is and to conform their conduct accordingly" so that "settled expectations" are not "disrupted." *St. Cyr,* 533 U.S. at 316, 121 S.Ct. 2271. The Court held that in the context of a plea agreement entered *into* when § 212(c) relief was available, later precluding availability of that relief "attaches a new disability[to a] transaction[ ] ... already past." *Id.* at 321, 121 S.Ct. 2271. It is thus impermissibly retroactive. *Id.*

The Court focused on the expectations that alien defendants would have had in deciding whether to plead guilty at a time when § 212(c) relief was available to them. *Id.* at 321–24, 121 S.Ct. 2271. It emphasized that alien defendants are "acutely

---

**2.** In contrast to IMMACT § 511, Congress has drafted statutes that clearly show an intent to be applied retroactively. *E.g.,* IIRIRA § 321(c), 110 Stat. at 3009–628 ("The amendments made by this section shall apply to actions taken on or after the date of the enactment of this Act, regardless of when the conviction occurred...."); IIRIRA § 322(c), 110 Stat. at 3009–629 ("The amendments

made by subsection (a) shall apply to convictions and sentences entered before, on, or after the date of the enactment of this Act."); *see also St. Cyr,* 533 U.S. at 319 n. 43, 121 S.Ct. 2271 (listing clearly retroactive statutes). *These statutes are evidence that Congress knows how to draft clearly retroactive statutes when it so desires but has not done so here.*

aware of the immigration consequences of their convictions" when deciding whether to enter guilty pleas. *Id.* at 322, 121 S.Ct. 2271; *see also Magana–Pizano v. INS*, 200 F.3d 603, 612 (9th Cir.1999) ("That an alien charged with a crime … would factor the immigration consequences of conviction in deciding whether to plead or proceed to trial is well-documented."). Extinguishing the availability of § 212(c) relief for aliens who pleaded guilty with the expectation that they would be eligible for such relief, upsets "familiar considerations of fair notice, reasonable reliance, and settled expectations." *St. Cyr*, 533 U.S. at 323, 121 S.Ct. 2271 (quoting *Landgraf*, 511 U.S. at 270, 114 S.Ct. 1483).

V

We hold that *St. Cyr* compels the result in this case. To the extent that *Samaniego–Meraz* conflicts with our holding today, it is overruled. Aliens who pleaded guilty prior to the enactment of IMMACT and who otherwise would have been eligible for § 212(c) relief but for the aggravated felon bar, may still apply for § 212(c) relief.

**REVERSED.**