**SUNG KEI LEUNG, a.k.a. David Leung; a.k.a. Sugn Kei Lai, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–70313.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 13, 2008.

Filed April 17, 2008.

Amos Lawrence, Esq., San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of The District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Nancy E. Friedman, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: RYMER, RAWLINSON, and CALLAHAN, Circuit Judges.

## MEMORANDUM*

Sung Kei Leung petitions for review of the final order of the Board of Immigration Appeals (BIA) dismissing his appeal from an immigration judge's (IJ) decision finding him removable as an aggravated felon and pretermitting his application for a § 212(c) waiver under the former Immigration and Nationality Act, 8 U.S.C. § 1182(c). We dismiss the petition in part and deny the petition in part.

### I

■ We lack jurisdiction to consider whether the IJ violated Leung's due pro-

cess rights during reopened proceedings because the asserted deficiency is one that the BIA could have corrected on appeal but which Leung failed to raise. The issue is not, therefore, exhausted. 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir.2004).

### II

■ The text of IIRIRA § 321(b) plainly indicates that Congress intended for aliens to be deportable under IIRIRA's aggravated felony definition regardless of the date of conviction ("[n]otwithstanding any other provision of law (including any effective date) ..."). Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), 8 U.S.C. § 1101(a)(43); *Aragon–Ayon v. INS*, 206 F.3d 847, 853 (9th Cir.2000). Thus, Leung is not saved by temporal limitations applicable to the definition of "aggravated felony" or to the grounds for deportation, which have been in place since 1988. *Compare* Anti–Drug Abuse Act (ADAA) § 7344(a)(2) (codified at 8 U.S.C. § 1251(a) (1988) ("[a]ny alien ... shall ... be deported who ... is convicted of an aggravated felony at any time after entry")) *and* INA § 237(a)(2)(A)(iii) (codified at 8 U.S.C. § 1227(a)(2)(A)(iii) ("[a]ny alien who is convicted of an aggravated felony at any time after admission" is removable)).

### III

■ Leung is ineligible for § 212(c) relief as IMMACT's bar, Immigration Act of 1990, § 511(a) (IMMACT) (codified at 8 U.S.C. 1182(c)), applies retroactively to aliens who were convicted following a trial of an aggravated felony. *Samaniego–Meraz v. INS*, 53 F.3d 254, 256 (9th Cir.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1995), *overruled in part by Toia v. Fasano,* 334 F.3d 917, 921 (9th Cir.2003) (overruling *Samaniego–Meraz* to the extent it pertains to aliens who pleaded guilty prior to the enactment of IMMACT).

PETITION DISMISSED IN PART; DENIED IN PART.