**Elkanah REID, Petitioner–Appellant,**

v.

**Francis M. HOLMES, as District Director of the Immigration and Naturalization Service, Upstate New York District Office; Janet Reno, as Attorney General of the United States; Doris Meissner, as Commissioner of the Immigration and Naturalization Service, Respondents–Appellees.**

**Docket No. 02–2318.**

United States Court of Appeals, Second Circuit.

Argued: March 11, 2003.

Decided: March 21, 2003.

Stephen M. Brent, Brent & Roberts, Rochester, NY, for Petitioner–Appellant.

Ethan B. Kanter, Senior Litigation Counsel (Michael P. Lindemann, Assistant Director, of counsel, Robert D. McCallum, Assistant Attorney General, on the brief), Office of Immigration Litigation, Civil Division, Department of Justice, Washington, DC., for Respondent–Appellee.

Before: MESKILL, CARDAMONE and CABRANES, Circuit Judges.

PER CURIAM.

Petitioner–Appellant Elkanah Reid is a native and citizen of Jamaica who entered the United States in 1981 and became a lawful permanent resident in 1983. On February 15, 1989, Reid was convicted in

the County Court for the County of Monroe, State of New York of unlawful possession and sale of cocaine in violation of New York Penal Law §§ 220.18 and 220.41. Reid was sentenced to two terms of imprisonment of five years to life, to run concurrently.

On June 7, 1993, the United States Immigration and Naturalization Service ("INS") commenced a deportation proceeding against Reid as a result of his criminal conviction. On January 25, 1994, the immigration judge found Reid deportable and ordered him deported to Jamaica.[1] After a series of appeals and remands, the Board of Immigration Appeals ("BIA") ultimately dismissed Reid's appeal on March 2, 2000.

On September 21, 2000, Reid filed a petition for a writ habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Western District of New York. The District Court (David G. Larimer, *Judge*) denied Reid's petition on April 25, 2002.

■ In his petition, Reid first argued that the immigration court erred by retroactively applying § 511(a) of the Immigration Act of 1990, Pub.L. No. 101–649, 104 Stat. 4978, 5052, *as technically amended by* Pub.L. No. 102–232, 105 Stat. 1733, to preclude Reid from being able to seek a waiver of deportation pursuant to § 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c). The District Court held that this argument was barred by our decision in *Buitrago–Cuesta v. INS,* 7 F.3d 291 (2d Cir.1993). We agree: Our opinion in *Buitrago–Cuesta* clearly established that § 511(a) of the Immigration Act of 1990 could be applied retroactively

to aliens whose criminal convictions predated the statute's enactment. 7 F.3d at 294. *Cf. Rankine v. Reno,* 319 F.3d 93 (2d Cir.2003) (the repeal of § 212(c) applies retroactively to an alien who was convicted, following trial, of an aggravated felony while § 212(c) was still in effect).

Reid argues that our holding in *Buitrago–Cuesta* has been called into doubt by more recent Supreme Court cases including *INS v. St. Cyr,* 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), but none of the cases he cites speak directly to the issue at hand. Accordingly, to the extent that Reid asks us to revisit this issue, we are obligated to decline. *See, e.g., United States v. Curcio,* 712 F.2d 1532, 1542 (2d Cir.1983) (holding that our prior decisions may only be overruled by a decision of the *en banc* Court).

■ Reid also argues that the immigration judge, the BIA, and the District Court all erred in concluding that he had been imprisoned for five years. Specifically, he claims that he was only imprisoned for four years and 364 days because, on one occasion, he surrendered to authorities from his work furlough program one day late and, under New York Penal Law § 70.30(7), the failure to return from work release at a scheduled time interrupts a prisoner's sentence. Because § 511(a) of the Immigrations Act of 1990 only eliminated eligibility for § 212(c) relief for aggravated felons incarcerated for five years or more, Reid reasons that he was improperly denied an opportunity to seek a waiver of deportation pursuant to § 212(c).

Section 101(a)(48)(B) of the INA states that "[a]ny reference to a term of impris-

---

**1.** Following the passage of the Illegal Immigration Reform and Immigrant Responsibility Act, Pub.L. No. 104–208, 110 Stat. 3009 (1996), the term "removal" is now used in place of the term "deportation." Because the immigration judge ruled before the effective date of this Act, however, he properly employed the various forms of the word "deport" rather than those of the term "remove."

onment or a sentence with respect to an offense is deemed to include the period of incarceration or confinement ordered by a court of law *regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part.*" 8 U.S.C. § 1101(a)(48)(B) (emphasis added). Accordingly, for purposes of the immigration law, Reid was imprisoned for five years despite his having absconded for one day from work release.

For the foregoing reasons, we affirm the judgment of the District Court.