07-1688-ag
Singh v. Mukasey

AMENDED

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2007

(Submitted: March 3, 2008

Decided: March 13, 2008
Amended: March 14, 2008)

Docket No. 07-1688-ag

_____

BRIAN SINGH,

*Petitioner*,

−v.−

MICHAEL B. MUKASEY, Attorney General of the United States[*]

*Respondent*.

_____

Before:

WINTER and WESLEY, *Circuit Judges*, and COGAN, *District Judge*.[**]

Petition for review of a final decision of the Board of Immigration Appeals ("BIA") dismissing the petitioner's appeal from an Immigration Judge's ("IJ") order of removal.  The IJ found the petitioner statutorily ineligible for a waiver application under former Immigration and Nationality Act of 1952 § 212(c) because he pled guilty to an aggravated felony after the enactment of the Immigration Act of 1990 ("IMMACT"), and subsequently served a sentence of

_____

[*] Attorney General Michael B. Mukasey is substituted for former Attorney General Alberto Gonzales pursuant to Fed. R. App. P. 43(c)(2).

[**] The Honorable Brian M. Cogan, United States District Court for the Eastern District of New York, sitting by designation.

more than five years confinement. We hold that § 511(a) of IMMACT's exclusion of "an alien who has been convicted of an aggravated felony and has served a term of imprisonment of at least 5 years" from eligibility for discretionary relief from deportation is not impermissibly retroactive as to an alien who pled guilty to a disqualifying felony after the Act's enactment, even though he confessed guilt to police prior to the enactment. We also hold that § 440 (d) of the Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA") exclusion of all aliens convicted of "aggravated felonies" from eligibility for discretionary relief from deportation is not impermissibly retroactive as to an alien whose conviction pre-dated AEDPA but who was statutorily barred from discretionary relief by the time he sought such relief even under pre-AEDPA law because he had already served more than five years imprisonment.

Petition for review denied.

----

DANIEL R. MURPHY, Avirom & Associates, LLP, New York, NY, *for Petitioner*.

JEFFREY S. BUCHHOLTZ, Acting Assistant Attorney General, Civil Division, U.S. Department of Justice (James E. Grimes, Dimitri N. Rocha, Office of Immigration Litigation, *on the brief*), *for Respondent*.

----

PER CURIAM:

Petitioner Brian Singh, a native and citizen of Guyana, seeks review of a March 28, 2007 order of the Board of Immigration Appeals ("BIA") dismissing the petitioner's appeal from an August 23, 2005 decision of Immigration Judge ("IJ") Gabriel C. Videla denying his application for a waiver under former Immigration and Nationality Act of 1952 ("INA") § 212(c), 8 U.S.C. § 1182(c) (repealed 1996), and ordering him removed. *In re Brian Singh*, No. A 35-392-737 (B.I.A. Mar. 28, 2007), *aff'g* No. A 35-392-737 (Immig. Ct. N.Y. City Aug. 29, 2005). The IJ found the petitioner statutorily ineligible for a waiver application under § 212(c) because he pled guilty to an aggravated felony after the enactment of the Immigration Act of 1990 ("IMMACT"), Pub. L. No. 101-649, 104 Stat. 4978 (Nov. 20, 1990) (codified at 8 U.S.C. § 1182(c) (repealed 1994)), and subsequently served a sentence of more than five years imprisonment.

2

Singh asks this Court to vacate the agency's decision on one of two grounds. First, he argues that § 511(a) of IMMACT's exclusion of any "alien who has been convicted of an aggravated felony and has served a term of imprisonment of at least 5 years" from eligibility for discretionary relief from deportation is impermissibly retroactive as applied to him pursuant to the Supreme Court's reasoning in *INS v. St. Cyr*, 533 U.S. 289 (2001), because he admitted his guilt to police before the Act's enactment on November 29, 1990. On that basis, he claims that he should retain his pre-IMMACT entitlement to apply for discretionary relief from deportation under § 212(c) notwithstanding his conviction and confinement. Second, he argues that even if IMMACT can be permissibly applied to him, § 440(d) of the Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), exclusion of *all* aliens convicted of "aggravated felonies" from eligibility for discretionary relief from deportation cannot be. He argues that because an alien was eligible to affirmatively apply for § 212(c) relief at any point before he served five years in prison under IMMACT, and because he detrimentally relied on that eligibility in deciding not to file for such relief before AEDPA was enacted prior to the expiration of his five year window, he should retain his pre-AEDPA eligibility for relief pursuant to *St. Cyr*.

We reject both of these arguments. Singh's attempt to utilize the date of his confession as the operative date to analyze his eligibility for § 212(c) relief runs counter to the Supreme Court's reasoning in *St. Cyr*. In addition, § 440(d) of AEDPA is not impermissibly retroactive when applied to an alien who did not seek § 212(c) relief prior to becoming statutorily ineligible for such relief under IMMACT. *Cf. Wilson v. Gonzales*, 471 F.3d 111 (2d Cir. 2006).

**Background**

Singh entered the United States as a lawful permanent resident on August 21, 1976. On

3

April 12, 1990, Singh was arrested and admitted to police that he was acting as a "middleman" for two cocaine dealers. On March 11, 1991, Singh pled guilty in the United States District Court for the Middle District of Florida to one charge of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. On May 3, 1991, he was sentenced to 108 months imprisonment, followed by three years probation.

On January 26, 1999, the former Immigration and Naturalization Service personally served Singh with a Notice to Appear, charging him with removability under INA § 237(a)(2)(A)(iii), in that after admission, he was convicted of an aggravated felony as described in § 101(a)(43)(B), an offense relating to illicit trafficking in a controlled substance. Singh admitted the factual allegations charged in the Notice, but denied that he was removable.

On August 23, 2005, after a rather complicated procedural history not relevant to the resolution of Singh's claims, IJ Videla found that Singh was statutorily ineligible to apply for a waiver under former INA § 212(c). *See also* 8 C.F.R. § 1212.3(f)(4). The IJ explained that because Singh was convicted of an aggravated felony and sentenced to confinement for a period greater than five years, he was statutorily ineligible for § 212(c) relief under the law in effect at the time he pled guilty (namely, IMMACT). In addition, the IJ denied Singh's request for cancellation of removal under INA § 240A(a), because his conviction constituted an aggravated felony, and thus ordered Singh removed to Guyana.

On September 21, 2005, Singh appealed the IJ's decision to the BIA. Singh argued that the date of his confession, rather than the date of the plea agreement, should be the triggering date for retroactivity purposes. Thus, he claimed, because his confession predated IMMACT, the IJ's finding that he was ineligible for a § 212(c) waiver was impermissibly retroactive in light of the Supreme Court's reasoning in *St. Cyr*. In the alternative, Singh argued that he detrimentally

4

relied on the availability of a § 212(c) waiver under IMMACT, for which – before the enactment of AEDPA excluded all convicted aggravated felons from relief – he could have filed an affirmative application at any time before he had completed five years of his nine-year prison sentence. He argued that because he relied on a waiver's continuing availability in deciding not to apply for one, AEDPA was impermissibly retroactive as applied to him.

The BIA rejected both of these arguments. With regard to Singh's first argument, it held that the date of an alien's plea agreement rather than that of an earlier confession is the relevant event for the purposes of retroactivity analysis under *St. Cyr.* The BIA also referenced 8 C.F.R. § 1212.3(f)(4)(i), which codified *St. Cyr*'s holding. *Id.* (date of "plea agreement" governs eligibility for exceptional eligibility for § 212(c) relief). With regard to Singh's second argument, the BIA held that the fact that AEDPA was enacted when Singh had served approximately 4 years and 11 months of his sentence and yet he "had not applied for[] and had no prospect of obtaining a section 212(c) waiver at that time," combined with the length of his sentence (well over five years), "preclude[d] the possibility of detrimental reliance."

**Discussion**

On appeal, Singh renews the two arguments that he made to the BIA. We find both arguments unpersuasive and accordingly dismiss the petition for review.

**I**

On April 12, 1990, when Singh was arrested by the police and confessed to drug trafficking, § 212(c) of the INA provided that:

> Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions [setting forth various grounds for exclusion].

5

8 U.S.C. § 1182(c). While the statutory language is limited to aliens attempting to reenter the country, § 212(c) has long been interpreted to give aliens in deportation proceedings as well as exclusion proceedings the right to apply for a discretionary waiver. *See Francis v. INS*, 532 F.2d 268, 273 (2d Cir. 1976) (holding that "fundamental fairness" dictates that § 212(c) apply to resident aliens in deportation as well as exclusion proceedings); *see also Blake v. Carbone*, 489 F.3d 88, 98 (2d Cir. 2007). On November 29, 1990, § 212(c) was amended by IMMACT to preclude any alien who has "been convicted of an aggravated felony and has served a term of imprisonment of at least 5 years" from seeking a discretionary waiver. *See* IMMACT § 511(a), 104 Stat. at 5052. On March 11, 1991, Singh pled guilty to one charge of conspiracy to possess with intent to distribute cocaine, an aggravated felony for IMMACT purposes. *See* § 101(a)(43)(B). On January 26, 1999, the former Immigration and Naturalization Service initiated deportation proceedings against Singh. Singh argues that because he admitted guilt to police before IMMACT was enacted, he should be eligible to apply for a discretionary waiver under pre-IMMACT § 212(c).

Singh contends that § 511 of IMMACT is being applied to him impermissibly retroactively because he confessed his guilt before the statute was enacted. In *Buitrago-Cuesta v. INS*, 7 F.3d 291 (2d Cir. 1993), this Court held "that the plain language of [IMMACT] indicates a congressional intent that § 511 apply retroactively." *Id.* at 295. Given the Supreme Court's reasoning in *St. Cyr*, and the subsequent promulgation of 8 C.F.R. § 1212.3(f)(4)(ii) ("An alien is not ineligible for section 212(c) relief on account of an aggravated felony conviction entered pursuant to a plea agreement that was made before November 29, 1990."), Singh's argument might have some traction if he *pled guilty* prior to IMMACT's enactment. *See also Toia v. Fasano*, 334 F.3d 917, 921 (9th Cir. 2003) (holding IMMACT may not be applied retroactively

under *St. Cyr*). *But see Reid v. Holmes*, 323 F.3d 187, 188 (2d Cir. 2003) (reaffirming *Buitrago-Cuesta* after *St. Cyr*). However, because Singh pled guilty after IMMACT was enacted, we need not reconsider IMMACT's retroactive applicability here.

Singh's attempt to utilize the date of his confession as the operative date to analyze his eligibility for § 212(c) relief runs counter to the Supreme Court's reasoning in *St. Cyr*.[1] In holding that AEDPA's exclusion of all aliens convicted of aggravated felonies from eligibility for § 212(c) relief could not be applied retroactively to aliens who *pled guilty* before its enactment,[2] the *St. Cyr* Court explained:

> As we have repeatedly counseled, the judgment whether a particular statute acts retroactively "should be informed and guided by 'familiar considerations of fair notice, reasonable reliance, and settled expectations.' "
>
> . . . Plea agreements involve a *quid pro quo* between a criminal defendant and the government. In exchange for some perceived benefit, defendants waive several of their constitutional rights (including the right to a trial) and grant the government numerous "tangible benefits, such as promptly imposed punishment without the expenditure of prosecutorial resources." There can be little doubt that, as a general matter, alien defendants considering whether to enter into a plea agreement are acutely aware of the immigration consequences of their convictions. Given the frequency with which § 212(c) relief was granted in the years leading up to AEDPA . . . preserving the possibility of such relief would have been one of the principal benefits sought by defendants deciding whether to accept a plea offer or instead to proceed to trial.

533 U.S. at 321-23 (internal citations omitted). This reasoning does not support prohibiting the retroactive application of a statute to an alien who merely *admitted guilt* before the statute's

---

[1] *See also* 8 C.F.R. § 1212.3(f)(4)(i) ("An alien whose convictions for one or more aggravated felonies were entered pursuant to *plea agreements* made on or after November 29, 1990, but prior to April 24, 1996, is ineligible for section 212(c) relief only if he or she has served a term of imprisonment of five years or more for such aggravated felony or felonies.") (emphasis added).

[2] The Court reached the same conclusion with regard to the retroactive application of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996's ("IIRIRA"), Pub. L. No. 104-128, 110 Stat. 3009, subsequent repeal of § 212(c).

enactment. Admitting guilt does not involve, absent more, a *quid pro quo*; indeed, an alien who freely admits his guilt has no "reasonable reliance" on or "settled expectation[]" of a favorable plea agreement, much less a specific benefit of that agreement. Singh's claimed reliance on § 212(c) relief in confessing his guilt is both incredible and unreasonable.

That *St. Cyr*'s analysis resonates specifically in the plea agreement context is also evident from several of this Court's subsequent decisions. In *Khan v. Ashcroft*, 352 F.3d 521 (2d Cir. 2003), we held that *St. Cyr* does not prohibit the retroactive application of AEDPA to aliens whose criminal conduct occurred before the Act's enactment, because "it cannot reasonably be argued that aliens committed crimes in reliance on" availability of § 212(c) relief. *Id.* at 523 (quoting *Domond v. INS*, 244 F.3d 81, 86 (2d Cir. 2001) (holding the same before *St. Cyr*)). Similarly, in *Rankine v. Reno*, 319 F.3d 93 (2d Cir. 2003), we held that *St. Cyr* does not prohibit the retroactive application of AEDPA to aliens who were convicted at trial before the Act's enactment, because aliens who choose to go to trial do not "detrimentally change[] [their] position in reliance on continued eligibility for § 212(c) relief." *Id.* at 99.

## II

In *Restrepo v. McElroy*, 369 F.3d 627, 632 (2d Cir. 2004), this Court held that AEDPA's amendment of § 212(c) might be impermissibly retrospective as applied to an alien who was placed in deportation proceedings after AEDPA's enactment notwithstanding the fact that the alien's pre-AEDPA conviction resulted from a jury trial rather than a plea agreement. The court explained that:

> It cannot . . . be doubted that an alien . . . might well decide to forgo the immediate filing of a 212(c) application based on the considered and reasonable expectation that he would be permitted to file a stronger application for 212(c) relief at a later time. It seems equally clear that . . . AEDPA's undermining of this settled expectation represents a prototypical case of retroactivity.

*Id.* at 634.

8

In *Wilson*, we held that an alien in the position of the petitioner in *Restrepo* must demonstrate that he "reasonably relied on the continued availability of § 212(c) relief and, based on that reasonable reliance, intentionally forwent filing an application for § 212(c) relief until a later date in the hopes of presenting a stronger application," in order to have his eligibility for § 212(c) relief judged under pre-AEDPA law.[3] 471 F.3d at 122. Singh argues that because he intentionally forwent filing an application for § 212(c) relief in the hopes of later presenting a stronger application only to have AEDPA's enactment exclude all aggravated felons from eligibility, he should still be eligible to apply under the logic of *Restrepo*.

Singh is correct insofar as he argues that his eligibility for § 212(c) relief should be governed by pre-AEDPA law. However, this is because – as we have already explained – Singh pled guilty before AEDPA's enactment and thus his claim falls squarely under *St. Cyr*'s prohibition on retroactively applying AEDPA to aliens with plea agreements pre-dating the Act. In other words, Singh's claim does not require the extension of *St. Cyr*'s logic that we endorsed in *Restrepo* and *Wilson*. Similarly, our holdings in those cases do nothing to advance Singh's position: Because Singh had served more than five years imprisonment when he first sought § 212(c) relief (after the initiation of deportation proceedings against him in 1999), he is ineligible for § 212(c) relief even under pre-AEDPA law. *See also* 8 C.F.R. § 1212.3(f)(4)(i). In fact, when *Restrepo* was remanded to the District Court for the Eastern District of New York (Weinstein, *J.*) for proceedings consistent with this Court's opinion, *see* 369 F.3d at 640, the court found that the petitioner was statutorily ineligible for relief:

> [T]he petitioner had been in prison for more than five years by September 9, 1997, the date the immigration judge ordered him deported. At that time he was

---

[3] Singh raises this same argument with regard to the application of IIRIRA to his eligibility for § 212(c) relief. Our rejection of Singh's argument with respect to AEDPA applies with equal force to his argument with respect to IIRIRA. *See supra* note 2.

statutorily barred from seeking section 212(c) relief because of the length of time he had been imprisoned. . . . [H]e does not fall into the category of aliens that reasonably could have relied on the continued availability of section 212(c) relief. There could be no reason for someone to postpone filing for so long that he becomes statutorily ineligible for the relief sought, in this case by triggering the five year bar.

*Restrepo v. McElroy*, 354 F. Supp. 2d 254, 255 (E.D.N.Y. 2005). We agree with the court's reasoning and clarify that – as we would hope would have been apparent – an alien can never make the showing of detrimental reliance that *Wilson* requires if he did not actually apply for § 212(c) relief before he became ineligible pursuant to the statute under which he seeks to have his eligibility evaluated.

It is also worth noting that Singh's eligibility for relief under IMMACT was within one month of expiring when AEDPA was enacted and yet he had not applied for relief, and that Singh still had more than four years left to serve on his sentence at that time. As a result, his claim of reliance on § 212(c) relief is suspect and his claim of detriment from its elimination is specious.

## Conclusion

For the foregoing reasons, Singh's petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

10