SUMMARY ORDER

Petitioner Ke Li (“Li”) petitions for review of a September 27, 2007 decision of the Board of Immigration Appeals (“BIA” or “agency”) denying Li’s motion to reopen the BIA’s October 20, 2005 decision, which affirmed the Immigration Judge’s (“IJ”) denial of Li’s special motion to reopen pursuant to 8 C.F.R. § 1003.44(h). We assume the parties’ familiarity with the underlying facts and procedural history of this case.
Though Li petitions for review of the BIA’s September 27, 2007 decision, his arguments on appeal relate only to the agency’s October 20, 2005 decision. Li has thus abandoned any challenge to the BIA’s 2007 denial of his motion to reopen. See Norton v. Sam’s Club, 145 F.3d 114, 117 (2d Cir.1998) (“Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.”). To the extent that Li seeks direct judicial review of this October 20, 2005 decision, the petition is untimely and we lack jurisdiction to review it. See Zhao v. U.S. Dep’t of Justice, 265 F.3d 83, 89-90 (2d Cir.2001). See also Chhetry v. U.S. Dep’t of Justice, 490 F.3d 196, 199 (2d Cir.2007) (“In reviewing the denial of a motion to reopen, we are constrained to review only the denial of that motion and are precluded from reviewing the merits of the petitioner’s underlying claim for relief.”).
Assuming, arguendo, that Li’s challenge to the September 27, 2007 decision *245 was not waived, the BIA did not abuse its discretion. Jie Chen v. Gonzales, 436 F.3d 76, 77 (2d Cir.2006) (“We review the BIA’s denial of a motion to reopen or reconsider for abuse of discretion.”). A motion to reopen or reconsider must be filed within 90 days of the date the final administrative decision is rendered. 8 C.F.R. § 1003.2(b), (c)(2). Li filed his motion in late 2007, almost two years after the Board’s October 2005 decision affirming the IJ’s denial of Li’s request for § 212(c) relief. The BIA was therefore correct to deem Li’s motion “untimely.” The BIA also properly concluded that Li is statutorily ineligible for § 212(c) relief because he had already been imprisoned for almost ten years — from June 21, 1994 to February 20, 2004 — when he first sought such relief in April 2005. See 8 C.F.R. § 1212.3(f)(4)(i); see also Singh v. Mukasey, 520 F.3d 119, 124-25 (2d Cir.2008) (finding a petitioner ineligible for § 212(c) relief because he had served over five years in prison before applying for the relief); Brown v. Ashcroft, 360 F.3d 346, 354 (2d Cir.2004) (“The time an alien spends in prison during the course of a hearing, including up until the BIA issues a decision on a pending appeal, can be considered for the purposes of rendering an alien ineligible for section 212(c) relief.”).
We have considered Li’s remaining arguments and hold them to be without merit.
For the foregoing reasons, the petition for review is DENIED.